RITA KNUTH, APPELLANT, V. BERNARD L. SINGER ET AL., APPELLEES.

116 N. W. 2d 291

Filed July 13, 1962. No. 35128.

John A. Wagoner, for appellant.

Luebs, Elson & Tracy, Richard A. Huebner, Walter P. Lauritsen, and Harold A. Prince, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, SPENCER, and BOSLAUGH, JJ., and CHADDERON, District Judge.

BOSLAUGH, J.

This is an appeal in an action for damages arising out of an automobile accident. The plaintiff, Rita Knuth, was a passenger in an automobile owned by Kenneth Bantam and operated by Richard Waldo at the time the accident occurred.

The accident happened at about 5 p. m., on March 23, 1956. It was a clear day, the sun was shining, and the pavement was dry. The accident occurred on U. S. Highway No. 34 approximately 3 miles west of Aurora, Nebraska. At that point the highway crosses a railroad right-of-way on an overpass. The entire overpass including both approaches is 3,000 feet long. The accident occurred near the west end of the overpass where there is a turnoff for a county road leading south from the highway. The turnoff is approximately 968 feet west of the center or highest point of the overpass. Near the turnoff the overpass is a two-lane highway and consists of concrete paving 20 feet wide constructed on an earth fill. There are shoulders 5 feet wide on each side of the pavement. A post and cable guard fence is located at the edge of each shoulder.

At the time the accident occurred the defendant, Ronald E. Oswald, was proceeding slowly or had stopped in the westbound lane just east of the turnoff near the west end of the overpass. Oswald was waiting for eastbound traffic to clear the intersection so that he could turn left onto the county road. The defendant, Sydney A. Diffendaffer, had been proceeding west behind the Oswald automobile and had stopped in the westbound lane of the highway just east of the Oswald automobile. The automobile operated by the defendant, Bernard L. Singer, and which was following the Diffendaffer automobile, collided with the Diffendaffer automobile. The plaintiff was injured when the Bantam automobile op-

erated by Waldo collided with the rear of the Singer automobile.

At the close of the plaintiff's evidence, the district court sustained the separate motions of the defendants Oswald and Diffendaffer for directed verdicts in their favor. The jury returned a verdict for the defendant Singer. The plaintiff's motion for new trial was overruled and she has appealed.

The assignments of error are that the trial court erred in directing a verdict for the defendant Oswald; in admitting evidence as to the speed of the Bantam automobile; in excluding admissions of the defendants Oswald and Singer; in giving certain instructions; and that the judgment is not supported by the evidence and is contrary to law. No error is assigned with respect to the direction of a verdict for the defendant Diffendaffer.

In determining whether the trial court was correct in directing a verdict for the defendant Oswald, all controverted facts must be resolved in favor of the plaintiff and she must have the benefit of every inference that can reasonably be deduced from the evidence. Lindelow v. Peter Kiewit Sons', Inc., *ante* p. 1, 115 N. W. 2d 776.

The amended petition alleged that the defendant Oswald was negligent in stopping his automobile suddenly, approximately 25 feet east of the turnoff, considering the nature and condition of the roadway and that the vision of westbound traffic crossing the overpass was restricted, and in failing to give a proper warning signal.

None of the persons riding in the Bantam automobile, including the plaintiff, testified as to the operation of the Oswald automobile. The defendant Diffendaffer, who was called as a witness by the plaintiff, testified that he saw the brake lights on the Oswald automobile, knew that it was either slowing down or stopped, and that he stopped approximately 8 feet behind the Oswald automobile. This was substantially the only evidence produced as to the operation of the Oswald automobile.

There was no evidence which would support a finding

that it was negligent for the defendant Oswald to stop in the westbound lane of traffic for the purpose of allowing traffic approaching from the west to clear the intersection so that he could turn left onto the county road. The right to stop when the occasion demands is an incident to the right to travel. Greyhound Corp. v. Lyman-Richey Sand & Gravel Corp., 161 Neb. 152, 72 N. W. 2d 669. See, also, Bauer v. Bahr, 240 Wis. 129, 2 N. W. 2d 698.

There is also no evidence that the defendant Oswald failed to give a proper warning signal of his intention to stop. The testimony of the defendant Diffendaffer, offered by the plaintiff, was that Diffendaffer saw the brake lights on the Oswald automobile.

Plaintiff offered part of a deposition of the defendant Oswald as admissions. This evidence was that the speed of the Oswald automobile was probably 15 or 20 miles per hour when it was 50 or 100 feet east of the turnoff; that the Oswald car never came to a complete stop on the overpass; that an eastbound automobile passed the Oswald car just before the defendant Oswald turned left onto the county road and that there were no other cars in the immediate vicinity approaching from the west at that time; that just before the defendant Oswald made the left turn he knew that there was another automobile about one car length behind him; and that after the defendant Oswald had started to turn left and was probably halfway around the corner, he heard the crash of the collision on the viaduct. This testimony did not tend to prove any negligence on the part of the defendant Oswald that the jury could have found was a proximate cause of the plaintiff's injuries.

There was a failure of proof as to any negligence on the part of the defendant Oswald that the jury could have found was a proximate cause of the plaintiff's injuries. Thus, it was proper for the trial court to direct a verdict for the defendant Oswald.

Before considering the remaining assignments of error,

there is a preliminary question which must be determined. The defendant Singer contends that there was no evidence of any negligence on his part that the jury could have found was a proximate cause of the plaintiff's injuries. If this contention is correct, the judgment must be affirmed. A judgment will not be reversed for errors against a party not entitled to succeed in any event. Muenchau v. Swarts, 170 Neb. 209, 102 N. W. 2d 129.

The amended petition alleges that as the Bantam automobile, in which the plaintiff was riding, reached the crest of the overpass, the defendant Singer's automobile collided with the Diffendaffer automobile; and that as a result of the collision with the Diffendaffer automobile, the Singer automobile was sitting in a diagonal position with the rear part across the centerline of the overpass roadway and the Singer automobile usurped the use of the roadway for the Bantam automobile. The amended petition further alleged that the defendant Singer was negligent in failing to maintain a proper lookout, particularly for the Diffendaffer automobile; in failing to maintain proper control over his automobile so as to be able to avoid a collision with the Diffendaffer automobile; in operating his automobile at a high and dangerous rate of speed; and in failing to drive his automobile within the range of his vision so as to be able to stop, turn aside, and avoid an accident, especially with the Diffendaffer automobile.

The allegations of negligence as to the defendant Singer consist basically of two charges of negligence. The plaintiff alleges that the Singer automobile collided with the Diffendaffer automobile because the defendant Singer operated it negligently, and that as a result of the collision the rear part of the Singer automobile projected into the eastbound lane of traffic and prevented the Bantam automobile from using the south lane of the highway.

The problem is one of proximate cause. Negligence

is not actionable unless it is the proximate cause of injury. Wagner v. Watson Bros. Transfer Co., 128 Neb. 535, 259 N. W. 373. Unless the alleged negligent operation of the Singer automobile and the resulting collision with the Diffendaffer automobile was a proximate cause of the later collision of the Bantam automobile with the Singer automobile, the plaintiff has no right of recovery as against Singer.

Proximate cause, as used in the law of negligence, is that cause which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the injury would not have occurred. Cover v. Platte Valley Public Power & Irr. Dist., 173 Neb. 751, 115 N. W. 2d 133. An efficient intervening cause is a new and independent force which breaks the causal connection between the original wrong and the injury. Bramhall v. Adcock, 162 Neb. 198, 75 N. W. 2d 696. An alleged cause of an accident may be merely a condition and not the real cause. It is not sufficient if the negligence charged does nothing more than furnish a condition by which injury is made possible. If the condition causes injury through the subsequent independent act of a third person, the two acts are not concurrent, and the existence of the condition is not the proximate cause of the injury. Frerichs v. Eastern Nebraska Public Power Dist., 154 Neb. 777, 49 N. W. 2d 619.

The collision between the Singer automobile and the Diffendaffer automobile could not of itself be a proximate cause of the later collision of the Bantam automobile with the Singer automobile. If the Singer automobile had stopped behind the Diffendaffer automobile without colliding with it, the situation would have been the same so far as the Bantam automobile was concerned.

The other charge of negligence is that the rear part of the Singer automobile projected across the centerline of the highway and into the eastbound lane of traffic and prevented the Bantam automobile from using that

side of the highway. None of the witnesses testified as to how far the rear of the Singer automobile projected into the south lane of the highway. The evidence is that the Singer automobile was about 6½ feet wide. Kenneth Bantam testified that the Singer automobile seemed to have its left-hand wheels over on the south side of the road and the rear end "sticking over" the south side of the road; that the Singer automobile was right about on the centerline, about straddle of the centerline; and then the front end swung to the north just before it collided with the Diffendaffer automobile. Darlene Vosika, a passenger in the Bantam automobile, testified that she noticed that Waldo was turning to the left and applying the brakes as the Bantam automobile was going down the viaduct and that she glanced up and saw the rear of a car, the bumper part and the rear part, on the left-hand lane across the centerline. Waldo testified that immediately after the collision between the Singer automobile and the Diffendaffer automobile, the back end of the Singer automobile was across into the left-hand side of the road across the centerline. On cross-examination Waldo testified that he did not see the rear of the Diffendaffer automobile at the time the Singer automobile collided with it and that he supposed the impact occurred on the north half of the pavement or in the right lane.

Taking the view of the evidence most favorable to the plaintiff, it fails to show that the entire south lane and shoulder of the highway were blocked by the Singer automobile. At most only a part of the south lane was obstructed. The inference is that sufficient space remained to the south of the Singer automobile for the Bantam automobile to have passed to the left if it had been under control. So far as the use of the south lane of the highway is concerned, there is the further consideration of the eastbound automobile which passed the Oswald automobile just before the impact and the left turn made by Oswald onto the county road.

But if it is assumed that the rear of the Singer automobile projected into the south lane of the highway a sufficient distance to deny the Bantam automobile the use of the south lane and shoulder of the highway, that still was not the proximate cause of the plaintiff's injuries.

The plaintiff alleged that the Singer automobile collided with the Diffendaffer automobile when the Bantam automobile was at the crest of the overpass. This was a judicial admission that was binding on the plaintiff and it was a waiver of all controversy as to where the Bantam automobile was when the Singer automobile collided with the Diffendaffer automobile. Aye v. Gartner, 172 Neb. 162, 108 N. W. 2d 798. Thus, the plaintiff is not entitled to the benefit of any evidence which was contrary to her allegation.

Under the plaintiff's theory of the case as pleaded, the Bantam automobile traveled a distance of approximately 900 feet after the Singer automobile had collided with the Diffendaffer automobile, and before colliding with the Singer automobile. There was evidence that the turnoff near the west end of the overpass was not clearly visible to westbound traffic until it reached the center of the second section of the bridge. Therefore, the distance which the Bantam automobile had in which to stop was between 600 and 700 feet. Waldo testified that the speed of the Bantam automobile at the crest of the overpass was between 40 and 50 miles per hour; that he saw the top of the Singer automobile and the top of the Diffendaffer automobile at about the midpoint of the second span of the bridge; that he did not see any collision occurring at the time and was not aware of what the cars were doing; that he could have stopped the Bantam automobile but saw no need to stop; and that he was not aware of any condition or collision necessitating the use of brakes and he did not apply the brakes on the Bantam automobile until it had traveled some 300 feet or about half of the distance to the Singer automobile.

The position of the Singer automobile when the Bantam automobile was at the crest of the overpass was a condition. The failure of Waldo to see what was in front of him and operate the Bantam automobile so that he could stop in time to avoid a collision with the Singer automobile was a subsequent independent act of a third person and an efficient intervening cause. The negligence of Waldo and the alleged negligence of Singer were not concurrent. The proximate cause of the plaintiff's injuries was the negligence of Waldo.

The plaintiff had no right of recovery as against the defendant Singer. The motion of the defendant Singer for a directed verdict made at the close of the plaintiff's evidence and renewed at the close of all the evidence should have been sustained. Therefore, it is unnecessary to discuss the other errors assigned by the plaintiff.

The judgment of the district court is affirmed.

AFFIRMED.