PAXTON & VIERLING STEEL CO., A CORPORATION, APPELLANT,
v. C. R. BARMORE. DOING BUSINESS AS WESTERN PLAINS
MILL EQUIPMENT CO., ET AL., APPELLEES.

187 N. W. 2d 590

Filed May 28, 1971. No. 37794.

Swarr, May, Royce, Smith, Andersen & Ross, for appellant.

Yost, Schafersman, Yost & Lamme, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCown, Newton, and Clinton, JJ.

BOSLAUGH, J.

This is an action to foreclose a mechanic's lien. The plaintiff, Paxton & Vierling Steel Co., is a steel supplier at Omaha, Nebraska. The plaintiff furnished steel to C. R. Barmore, doing business as Western Plains Mill Equipment Co., for the construction of a feed mill at Howells, Nebraska, for the defendants, Lambert F. Pekarek and Ludmilla H. Pekarek.

The plaintiff claims that the amount due under its lien is $3,447.49 plus interest and costs. The trial court found that the plaintiff should have judgment for $162.04 plus interest and costs. The plaintiff appeals.

The record shows that the plaintiff made a written proposal, which was accepted by Barmore, to furnish structural steel for the mill in the amount of $2,360.

The structural steel was to be fabricated in the plaintiff's shop so that it could be erected on the site by merely fastening it together with bolts. The remainder of the steel furnished by the plaintiff was material used in construction of bins, hoppers, and other parts of the mill and was fabricated by Barmore at the site or by another subcontractor. This steel amounted to $3,447.49 and was furnished as and when requested by Barmore. There was no firm agreement as to quantity or price concerning this steel, but it was all furnished at base price plus regular freight.

The first item was furnished March 12, 1968, and the last item October 10, 1968. Most of the steel had been furnished by July 15, 1968. An order consisting of beams, angles, and bars amounting to $39.71 was furnished on September 4, 1968. An order for a length of 4-inch pipe and 24 bars to be rolled into the shape of a ring and amounting to $122.33 was furnished on October 10, 1968. These are the only items which the trial court found could be included in the lien which was filed on November 20, 1968.

The plaintiff contends that the trial court erred in finding that a subcontractor's lien could not be based upon an open account, and that the statutory time for filing a lien ran from the date of each delivery of material.

This case involves material furnished to a contractor by a materialman. There was no contract between the Pekareks and the plaintiff for the steel furnished to Barmore. Section 52-102, R. R. S. 1943, provides that a person who furnishes material to a contractor for the construction of a mill may secure a lien by filing a sworn statement of the amount due from the contractor within 3 months from the furnishing of the material. The statute further provides that the risk of payments made to the contractor until the expiration of the 3 months shall be upon the owner, and that the owner

shall not be liable to action by the contractor until the expiration of the 3 months.

The lien of a materialman for material furnished to a contractor does not depend upon a contract existing between the materialman and the owner. The lien is given because the material furnished was used in the construction of the building or other structure. Rosebud Lumber & Coal Co. v. Holms, 155 Neb. 459, 52 N. W. 2d 313.

The record indicates that the controversy in the district court centered around the nature of the contract between the plaintiff and Barmore. The amended petition alleged that the plaintiff and Barmore had entered into a written contract that had been amended orally to provide for delivery of additional material as necessary. The defendants alleged that each item furnished after the written proposal was upon a new agreement between the plaintiff and Barmore.

Section 52-102, R. R. S 1943, makes no requirement concerning the contract between the materialman and the contractor. If the contract and delivery, or furnishing under it, is sufficient to create an indebtedness or liability, it is sufficient to create a lien. ' Rosebud Lumber & Coal Co. v. Holms, supra; Peters v. Halligan, 182 Neb. 51, 152 N. W. 2d 103; Great Western Mfg. Co. v. Hunter Bros., 15 Neb. 32, 16 N. W. 759. An open account is sufficient. See Walker v. Collins Constr. Co., 121 Neb. 157, 236 N. W. 334. Occidental S. & L. Assn. v. Cannon, 184 Neb. 659, 171 N. W. 2d 166, cited by the Pekareks, involved a contract between an owner and a materialman.

The contract between Barmore and the Pekareks was for the construction of a feed mill. There is no contention that the material furnished by the plaintiff was not used in the construction of the feed mill. The material furnished on October 10, 1968, was used for manhole flanges and covers and for a roof support for the elevator leg. There is no contention that any of the material furnished was to replace defective material or that de-

livery was delayed to extend the time for filing a lien. The evidence rebutted any presumption arising from the length of time intervening between the deliveries on July 15, 1968, and those in September and October.

The Pekareks alleged that they had requested a lien waiver. On June 24, 1968, the plaintiff wrote to the Pekareks stating that Barmore owed $2,845 for material and that the plaintiff would not furnish a lien waiver until all bills were fully paid. The lien was filed on November 20, 1968. On November 23, 1968, the Pekareks took a receipt from Barmore showing payment in full to him.

The record sustains a finding that the plaintiff is entitled to a lien in the amount of $3,447.49 as alleged in its petition. The judgment of the district court is modified to increase the amount of the judgment from $162.04 to $3,447.49, and as modified the judgment is affirmed.

AFFIRMED AS MODIFIED.