212 N.W.2d 648 (1973)
190 Neb. 783
A. W. SAUM, d/b/a A. W. Saum & Sons, Appellee,
v.
L. R. FOY CONSTRUCTION CO., INC., Appellee, Cross-Appellant,
Impleaded with General Wholesale Co-Operative Company, Appellant, Cross-Appellee.
No. 39006.
Supreme Court of Nebraska.
November 30, 1973.
*649 Deutsch & Hagen, Thomas H. DeLay, Norfolk, for appellant.
Thomas E. Brogan, Brogan & Stafford, Norfolk, for appellee Saum.
Jewell, Otte & Gatz, Norfolk, for appellee L. R. Foy Constr. Co.
Heard before SPENCER, SMITH and CLINTON, JJ., and BRODKEY and HASTINGS, District Judges.
SMITH, Justice.
In a suit for foreclosure of a mechanic's lien claimed by a subcontractor, A. W. Saum, in connection with construction of an addition to a warehouse building, the District Court awarded: (1) Foreclosure; (2) personal judgments for Saum and against the contractor, L. R. Foy Construction Co., Inc., and the landowner, General Wholesale Co-Operative Company; and (3) personal judgments for Foy and against Saum and General Wholesale. The court also dismissed a cross-petition by General Wholesale against the other parties, and Genareal Wholesale appeals. Foy cross-appeals.
General Wholesale assigns for error: (1) Award of the personal judgment for Saum and against it; (2) award of a lien in favor of Saum and in excess of the amount found due Saum from Foy; and (3) dismissal of its cross-petition. Its only contention is that judicial admissions and conclusions of law sustain the assignments.
*650 Foy on cross-appeal assigns for error the absence of a finding that General Wholesale owed it $2,898.85 for extra work, the sum being in addition to the judgment Foy recovered against General Wholesale.
We summarize the decretal parts relevant to the controversy. Provisions for foreclosure of the lien are in common form. The personal judgments are listed in the following table:

CREDITOR DEBTOR AMOUNT
Saum General Wholesale $ 5,727.65
Saum Foy 5,727.65
Foy Saum 4,775.35
Foy General Wholesale 16,413.37

They were subject to other decretal provisions. Saum and Foy possessing judgments against each other, the court adjudged that Saum recover the difference, $952.30, from Foy. Upon payment of the difference, or upon satisfaction of the Foy-General Wholesale judgment, from the proceeds of which Foy was to pay the $952.30, the lien was to be discharged. In the event of a foreclosure sale, Foy was to be paid $4,775.35 out of proceeds received by Saum. Then neither Foy nor Saum would recover judgment against the other, and $10,685.17 would replace the $16,413.37 in the above table of the judgments. Provisions for prejudgment interest are not important, and they are excluded.
On December 3, 1968, Saum had filed his foreclosure petition in common form, alleging the following facts: Under the Saum-Foy contract, dated August 10, 1967, concrete floors on the warehouse addition were to be furnished and finished by Saum for $9,755.82. On October 17, 1967, performance was completed and accepted by Foy, Saum having received $4,000 in partpayment from Foy. The balance, $5,755.82, was due and unpaid.
On January 6, 1969, Foy answered the petition and cross-petitioned against Saum. It alleged the following facts. The construction work under the prime contract was pursuant to architectural drawings and specifications. The latter provision controlled the Saum-Foy contract, and Saum was to perform in a workmanlike manner. The architect rejected the work for alleged failure of Saum to meet the plans and specifications, and for work not performed in a workmanlike manner. Foy therefore conformed the floors at a reasonable cost of $11,046.48, and it "may be reasonably required to expend" $15,000 in the future to complete the floors in conformance with the plans and specifications. Foy sustained damage of $30,046.48, and an accounting should be had.
On January 14, 1969, General Wholesale filed its answer to the petition of Saum and its "answer to the answer and cross-petition of Foy." It admitted the contracts and all allegations of Foy's pleading filed January 6, 1969, except "that . . . $15,000 . . . is insufficient to place the floors in the condition required by the plans and specifications." Meanwhile operation of the plant and warehouse would be curtailed. The additional performance by Foy because of the default by Saum secured only partial approval of the architect. The floor was so uneven that cases of groceries were shaken from fork trucks used in the storing and handling of merchandise. The conditions which were unknown became evident only after the floor and certain steel racks were in place under the contracts. Correction of the defects would necessitate replacement of large sections of flooring and installation of temporary staging. General Wholesale would sustain further damage of $100,000.
On February 20, 1970, Foy in answer to the cross-petition of General Wholesale, realleged its original answer and cross-petition, denied all affirmative allegations of Wholesale to the contrary, and specifically denied liability for any damage alleged by Wholesale.
On October 12, 1971, Foy filed an amended pleading against Wholesale. All admissions in the forepart of the pleading were subject to the following allegations. Foy rendered the performance required of *651 it under the prime contract and change orders pursuant to the contract. On January 11, 1968, the architect certified that there was due Foy $16,413.37 upon the prime contract "and authorized changes thereunder and requested . . . General Wholesale . . . to pay . . . $10,413.37, withholding . . . $6,000 until the dispute involving the labor and work on the floors was determined, and . . . General Wholesale . . . has never paid any of such sum and there is due and owing. . . (Foy) from . . . General Wholesale . . . $16,413.37 together with any additional sum . . . for extras authorized pursuant to . . . (the) contract and change orders therefor." Foy was under no responsibility or liability for any damage alleged by General Wholesale. An accounting among the three parties was necessary.
In open court at commencement of the trial on June 13, 1972, counsel for Foy clarified its position, stating: "Then for the record, we . . . at this time inform the Court that we are abandoning any claim that may be contained in the cross-petition to conform to theI mean, we will have no proof that we may be required to expend additional sums to complete and correct the floor because as it now appears from our cross-petition against G. W. we now contend that the floor is completed and met specifications at the time it was so completed. I do not believe it is necessary to withdraw or strike all of those pleadings that refer to this allegation and we are simply informing everybody that we do not make this claim any longer, and of course it would be contrary to our cross-petition against . . . G. W." No one commented upon the statement, and the trial proceeded.
On the appeal by General Wholesale the first two assignments of error which relate to the Saum-General Wholesale personal judgment and the amount of the lien are considered together.
Possession of a statutory mechanic's lien alone is not enough to entitle a subcontractor to recover a personal judgment against the owner of the premises. Parsons Constr. Co. v. Gifford, 129 Neb. 617, 262 N.W. 508 (1935); cf. Paxton & Vierling Steel Co. v. Barmore, 187 Neb. 54, 187 N.W.2d 590 (1971). Section 52-102, R.R.S.1943, makes no requirement concerning a contract between a subcontractor and the contractor. If the contract and delivery, or furnishing under it, are sufficient to create an indebtedness or liability, it is sufficient to create a lien. Id.
The first assignment of error is good; award of the personal judgment was erroneous. The second one is not well taken, especially when the dispute between Saum and Foy did not waive the lien claim and did not prejudice General Wholesale. See § 25-853, R.R.S.1943.
Our consideration of the third assignment, dismissal of the cross-petition of General Wholesale, is limited to the subject of judicial admission. The latter in a pleading does not extend beyond its intendment as clearly disclosed by its context. See Dunbier v. Stanton, 170 Neb. 541, 103 N.W.2d 797 (1960). When a litigant files an amended pleading, the averments of which are inconsistent with the averments of his original pleading, the original is not a judicial admission but competent as an evidentiary admission by a party against his interest. See Johnson v. Griepenstroh, 150 Neb. 126, 33 N.W.2d 549 (1948).
The pleadings in question were insufficient to entitle General Wholesale to adjudication of liability of Saum or Foy as a matter of law. The allegations between Saum and Foy fell short of admitting liability to General Wholesale. Any doubt about the pleadings of Foy against General Wholesale was removed by counsel in his oral statement at commencement of the trial.
*652 On cross-appeal Foy presents one assignment of error: "The court erred in failing to find that owner GW was indebted to contractor Foy for extra work in the additional sum of $2,898.85, over and above the $16,413.37 awarded contractor Foy." No brief answering the cross-appeal is on file.
Foy in its pleading filed October 12, 1971, alleged a right to recover against General Wholesale in accordance with the provisions of the prime contract alone. The subject of the cross-appeal was not expressly pleaded. The District Court found that the work in question was "above and beyond the contract and that. . . General Wholesale had no duty to pay for any portion of that work . . .."
Foy argues almost exclusively that evidence of performance of the extra work and its reasonable value was undisputed. The finding of the trial court indicates that the real issue was whether the extra work was performed under the contract that Foy alleged.
A party on appeal ordinarily cannot successfully assert error in a judgment that granted him the relief demanded by his pleadings. See Bragonier v. Stevenson, 104 Neb. 578, 178 N.W. 186 (1920). An appeal to this court in a civil action will be considered upon the theories presented by the parties at the trial, provided a liberal construction of the pleadings, as construed by the parties, will permit. Andrews Electric Co. v. Farm Automation, Inc., 188 Neb. 669, 198 N.W.2d 463 (1972). The cross-appeal of Foy is denied.
Without disturbing the mechanic's lien, we modify the decree by vacating the personal judgment for Saum and against General Wholesale. So modified, the judgments are affirmed, each party to pay own costs on appeal.
Affirmed as modified.