WESTLAND HOMES CORP., A NEBRASKA CORPORATION, APPELLANT, V. ORIS E. HALL ET AL., APPELLEES.

226 N. W. 2d 622

Filed March 6, 1975. No. 39513.

William G. Cambridge, for appellant.

Edward E. Hannon, William K. Schaphorst, Stephen L. Muehlberg, Thomas D. Thalken, Robert T. Finn, and William W. Griffin, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an action by plaintiff, Westland Homes Corp., to foreclose a mechanic's lien on real estate owned by the defendants, Oris E. Hall and Carol J. Hall. The District Court found that Farmers Home Administration held a mortgage lien; Otto Sprague a mechanic's second lien; and Clifford L. Hall a mechanic's third lien. The court also found that the lien of Westland Homes Corp. should be denied and entered judgment accordingly. Plaintiff has appealed.

The defendants, Oris E. Hall and Carol J. Hall, contacted Dennis C. Hansen, doing business as Hansen Construction Company, at O'Neill, Nebraska, in the summer of 1970 with reference to constructing a precut home.

Hansen, a contractor, was also a dealer who purchased homes from Westland Homes Corp., which is a component home builder. Hansen purchases the home package from Westland and constructs it on the job site.

On August 15, 1970, negotiations between the Halls and Hansen culminated in a meeting at Hansen's office at which a representative of Westland was also present. At that meeting an order was made out for the purchase of a precut home package to be sold to Hansen Construction Company by Westland for construction on the Hall property. The total price was $7,364.53. The order was marked C.O.D. and showed a $700 deposit. The signatures of both Dennis C. Hansen and Oris E. Hall appeared at the bottom of the order. At the same time a separate order was also made for a furnace in the sum of $177.94.

On October 8, 1970, the Farmers Home Administration approved a loan to the Halls for $16,000. The Halls executed a promissory note and first mortgage to the United States Farmers Home Administration. The mortgage was duly filed with the Holt County register of deeds on October 9, 1970. The $16,000 of funds advanced under the FHA loan was placed in the First National Bank of O'Neill, Nebraska, in a supervised account. The FHA, the bank, and the Halls executed a deposit agreement on an FHA printed form with respect to the supervised account. The agreement provided that no withdrawal was to be permitted by the bank except on the order of the Halls and by a countersignature of a duly authorized representative of the government. The agreement provided however that at any time upon written demand by the State Director of the Farmers Home Administration, the bank was to pay the balance or any part thereof for application to the mortgage debt or other purposes, including "protection of the Government's lien or security or to accomplish the purpose for which such advances were made: * * *." Statements and canceled checks on the

account were to be forwarded to the Farmers Home Administration office at the end of each statement period.

After the FHA financing was obtained by the Halls, the original copy of the Hansen-Westland purchase order of August 15, 1970, was changed. The date of the order was altered to October 10, 1970; the $700 deposit was changed to $500; and the C.O.D. designation was changed to show payment was to be by finance letter. FHA refused to execute Westland's regular credit letter form. Instead, on October 12, 1970, FHA sent a letter to Westland which stated: "At the request of Hansen Construction Company of O'Neill, Nebraska, we wish to advise that the Farmers Home Administration has approved a loan for Oris E. Hall, and funds for payment for materials and labor are available for disbursement within a thirty-day period." On the basis of this letter, Westland changed the financing plan from C.O.D. to letter of credit.

Westland made its first delivery of the housing material package on October 16, 1970, and the remainder of the housing material was delivered on October 24, 1970, except for the furnace, which was delivered on December 12, 1970. Between October 16 and November 16, 1970, a number of checks on the supervised account were issued and paid, including checks payable to Hansen Construction Company individually or jointly with various material suppliers.

Hansen's work was largely completed by November 16, 1970. On that date Mr. Hall, Mr. Hansen, and representatives of the FHA met in the county office of the FHA for the purpose of settling the Hansen account and making payment from the supervised account for amounts due. The county supervisor of the FHA, Mr. Longan, made computations and questioned Hansen to determine the amounts due Hansen, including the Westland house package. Longan knew that Westland had not been paid by Hansen. He issued a check to Hansen Construction Company in the sum of $7,169.26, the full

amount due, including the Westland claim. The check was signed by Mr. Hall and countersigned by Longan for FHA. Longan delivered that check to Hansen and Hansen delivered to Longan a check of Hansen Construction Company, Inc., dated November 14, 1970, payable to Westland Homes Corp., in the sum of $6,926.24, drawn on the First National Bank of O'Neill, Nebraska. Longan prepared a claimant's release form which acknowledged receipt of payment in full for all labor, materials, supplies, or equipment supplied in the construction of the improvements upon the Hall property. It also released and waived any and all claims, liens, and lien rights against the property, the owners, and the contractor. Mr. Longan forwarded the release form and the Hansen check to Westland on November 16, 1970, together with a transmittal letter which read: "Enclosed is a check in the amount of $6,926.24 from Hansen Construction Company in payment for the Oris E. Hall dwelling package.

"Will you please sign the enclosed Release by Claimants and return it to this office. * * *."

The check and release were received by Westland at its office in Hastings, Nebraska, on November 17, 1970. A bookkeeper for Westland deposited the Hansen check in the Westland account at the First National Bank in Hastings, Nebraska, on the same day, and signed the release form and returned it to the FHA office in O'Neill. On November 20, 1970, the Hansen check was returned for insufficient funds. The bookkeeper directed the bank to send the check through a second time, and once again the check failed to clear. Additional investigation and efforts to obtain payment were fruitless. On December 28, 1970, Westland filed its mechanic's lien against the Hall property in the amount of $7,037.82, and on the following day mailed notice of such filing to the Halls by certified mail.

On January 20, 1971, Hansen filed a voluntary petition in bankruptcy and Westland Homes Corp. was listed as

an unsecured creditor in the amount of $7,248.40. West-land unsuccessfully attempted to prevent the debt from being discharged in the bankruptcy proceedings. On March 16, 1971, the present action was instituted by Westland to foreclose its mechanic's lien on the Hall property. Additional mechanic's lien claimants were joined with the United States Farmers Home Adminis-tration and the Halls as defendants.

At the conclusion of the trial the District Court found that the Farmers Home Administration held a first mortgage lien for the amount due on its real estate mortgage; and that none of the mechanic's liens in-volved were perfected prior to the recording of the fed-eral lien on October 9, 1970. The District Court also determined that the lien filed by Westland should be denied; that Otto Sprague had a mechanic's lien for ma-terials and services in the sum of $727.70, which was a second lien; and that Clifford L. Hall had a lien for ma-terials and labor in the sum of $1,900.24, which was a third lien on the real estate described. The court en-tered judgment accordingly and this appeal followed.

A preliminary issue here involves the priority of the mortgage from the Halls to the Farmers Home Admin-istration. Under state law a mortgage takes priority over any mechanic's liens for material, the furnishing of which was commenced after the mortgage was recorded. See Goodwin v. Cunningham, 54 Neb. 11, 74 N. W. 315. All liens here except that of Otto Sprague were subor-dinate to the mortgage under that rule. The mechanic's lien of Sprague, which was inchoate at the time the mortgage was recorded, is likewise subordinate to the mortgage. The determination of priority as between a lien held by the United States and nonfederal liens is governed by federal, not state, law, and a recorded fed-eral mortgage takes priority over an inchoate mechan-ic's lien subsequently filed. See, United States v. Chester Park Apts., 332 F. 2d 1; United States v. First National Bank & Trust Co. of Fargo, 386 F. 2d 646.

The major issue here centers around the effect of the lien release executed by Westland in exchange for the bad check of Hansen. The defendants assert that the check was accepted as absolute payment and that the release is therefore valid and binding. The plaintiff contends that the check was accepted as payment conditional upon its being paid in due course, and that if the check is not paid, the obligation and the right to the lien are not discharged.

Under the facts here, Westland was entitled to a subcontractor's lien under the specific provisions of section 52-102, R. R. S. 1943. That statute specifically provides that the risk of all payments made to the original contractor shall be upon the owner until the expiration of the 3-month period for filing the subcontractor's lien. See Paxton & Vierling Steel Co. v. Barmore, 187 Neb. 54, 187 N. W. 2d 590. The statute also provides that the owner may pay the subcontractor and the amount paid will be deemed a payment to the original contractor.

In addition, section 76-239.01, R. R. S. 1943, requires that any corporation lending money for financing construction to be secured by a mortgage filed of record is required to notify the borrower in writing separate from any other document that it is the responsibility of the borrower, or borrower's contractor, if disbursements are to be made to such contractor, to apply the loan proceeds to the payment of lawful claims for labor and materials furnished for such improvements, to avoid liability for mechanic's liens. That section also provides that it shall be the duty of the contractor to whom such disbursement is made to make such application of the loan proceeds. That particular section was wholly disregarded here, both by Farmers Home Administration and by Hansen Construction Company. Westland was clearly entitled to its lien unless the receipt of the Hansen check and the execution of the release form waived the lien or barred Westland from enforcing it.

Unless otherwise agreed, where a personal check is

taken for an underlying obligation, the obligation is suspended pro tanto until the presentment of the check. If the check is dishonored an action may be maintained on either the check or the obligation. See § 3-802, U.C.C. The evidence here is undisputed that there was no agreement of any kind and, in fact, establishes that the acceptance of the check was conditional in the sense intended by the Uniform Commercial Code. In order to hold that the release was valid and effective in the absence of reliance, there would have to be some showing of consideration. Under the facts here there was none. See, for example, Giammarino v. J. W. Caldewey Constr. Co., Inc. (Mo. App.), 72 S. W. 2d 159.

If the owner here had relied upon an executed lien waiver by paying Hansen after receipt of the waiver, that situation might well estop Westland from enforcing its lien, but there was no reliance here. The full payment to Hansen was made before the check and release were even mailed to Westland. Neither the Halls nor Farmers Home Administration relied upon the lien release when they paid Hansen. The release was not even executed when FHA delivered the check for $7,169.26 to Hansen, which included Westland's lien claim. It knew at the time that the Westland lien claim had not been paid. The loss here was occasioned by the actions of Hansen and the Farmers Home Administration. The Halls are chargeable with the actions of both of them in an action by Westland to foreclose its lien under the facts in this case. As between Westland and the Halls, the loss therefore rested upon the Halls. The District Court erred in denying the Westland lien claim.

Under the facts here the action of the Farmers Home Administration in paying Hansen as it did was negligence. For that negligence the Farmers Home Administration may be subject to liability to the Halls and may also be subject to liability for breach of an express or implied contractual obligation. Those issues

are not properly before us on this record and we do not pass upon them here.

That part of the judgment of the District Court which determined the mortgage of Farmers Home Administration to be a first lien upon the Hall property is affirmed. That part of the judgment of the District Court which finds that Otto Sprague and Clifford L. Hall are entitled to mechanic's liens is affirmed except any finding or determination of priority of such liens. That part of the judgment of the District Court which denies a mechanic's lien to Westland Homes Corp. is reversed and the cause remanded with directions to enter finding and judgment that Westland Homes Corp. has a lien in the sum of $7,037.82 against the Hall property. The cause is remanded to the District Court for determination of priorities as between the mechanic's liens of Westland Homes Corp., Otto Sprague, and Clifford L. Hall, and entry of decree in accordance with this opinion.

AFFIRMED IN PART, MODIFIED IN PART, AND
REVERSED AND REMANDED WITH DIRECTIONS.