RICHARD J. COOK ET AL., APPELLEES AND CROSS-APPELLANTS, V. OTTO H. BEERMANN, APPELLANT AND CROSS-APPELLEE, IMPLEADED WITH ALLEN L. HEIKES, APPELLEE AND CROSS-APPELLEE.

271 N. W. 2d 459

Filed November 15, 1978. No. 41634.

Pierson, Ackerman, Fitchett & Akin and Joseph E. Marsh, for appellant.

Maurice S. Redmond and Gleysteen, Harper, Eidsmoe & Heidman, for appellees Cook et al.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, C. J., PRO TEM.

This is an action brought by purchasers of real estate to recover damages for the value of an irrigation pump and motor which their grantor removed from the property and sold to a third party. The District Court entered judgment in the amount of

$1,750. Defendant Otto H. Beermann appeals. Plaintiffs cross-appeal and seek to recover an additional $1,750 in damages. We sustain the cross-appeal, and reverse in part and remand with directions.

Plaintiffs purchased 62 acres of farmland from the defendant in April 1974. Negotiations for the sale were conducted between one of the plaintiffs, Richard Cook, and defendant's real estate broker, Ernie Albertson. When Cook inspected the property he observed an irrigation well complete with pump and motor. The pump was positioned in the well. The motor, which was supplied with fuel by an underground natural gas line running from the house, was bolted to a concrete pad directly adjacent to the well. The irrigation pipe and sprinkler system were unassembled and stacked behind the house, approximately 1,500 feet from the well. Cook informed Albertson he would have no use for the pipe or sprinkler system. He testified it was his understanding that the pump and motor would remain attached to the well.

A purchase agreement prepared by Albertson was signed by Cook on behalf of himself and the other plaintiffs on March 26, 1974. The printed form provides that included in the sale are "all fixtures and equipment permanently attached to said premises." The space provided for listing personal property included in the sale was left blank. The agreement contains the following typewritten provision: "The irrigation equipment is not included in this sale."

Albertson testified over defendant's objection that he intended the term "irrigation equipment" to refer only to the pipe and the sprinkler system, and that he would have employed different language to exclude the pump and motor from the sale. He stated there was no specific agreement concerning the pump and motor, however, as nothing was ever mentioned about these items. Albertson received

all his instructions from Otto Beermann's attorney, Rodney Smith.

Smith accepted the purchase agreement on behalf of his client on April 25, 1974, after making certain modifications. He had a power of attorney in the matter because Beermann was in Europe at the time. Smith testified he was informed about the irrigation pipe and sprinkler system but that he was not aware of the existence of the pump and motor. If he had been, he would have asked Beermann about them and made specific mention of those items in the purchase agreement.

Sometime after the sale plaintiffs were contacted by defendant's brother, Albert Beermann. He informed them the pump and motor did not go with the real estate. Plaintiffs disagreed and insisted the pump and motor were their property. Cook testified he discovered the pump and motor had been removed sometime in 1975. A demand for its return was made upon Albert Beermann by a letter from plaintiffs' attorney.

Allen L. Heikes purchased the pump, motor, irrigation pipe, and sprinkler system from Albert Beermann, who was acting as agent for his brother, in April 1975. Heikes hired a pump company to remove the pump and motor from plaintiffs' property. He paid Albert Beermann a total amount of $3,500. Heikes testified the pump and motor would be worth approximately one-half of that figure.

Richard Cook expressed the opinion that the pump and motor were worth $3,500. Plaintiffs unsuccessfully attempted to introduce as evidence of value defendant's answer to a cross-petition of Allen L. Heikes. In his cross-petition Heikes alleged that the reasonable value of the pump and motor was $6,000. Defendant answered by stating that the actual value of the pump and motor was $3,500. The trial judge ruled this was not an admission of value by the defendant.

The first question presented is whether the pump and motor were fixtures or items of personalty. In Swift Lumber & Fuel Co. v. Elwanger, 127 Neb. 740, 256 N. W. 875 (1934), this court stated: "Whether an article annexed to the real estate has become a part thereof is a mixed question of law and fact. * * * In determining this question, the following tests, while not all inclusive, have received general approval, viz.: '1st. Actual annexation to the realty, or something appurtenant thereto. 2d. Appropriation to the use or purpose of that part of the realty with which it is connected. 3d. The intention of the party making the annexation to make the article a permanent accession to the freehold. This intention being inferred from the nature of the articles affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made.' Freeman v. Lynch, 8 Neb. 192; Frost v. Schinkel, 121 Neb. 784. The third test, namely that of 'intention,' appears by the clear weight of modern authority to be the controlling consideration."

In Joiner v. Pound, 149 Neb. 321, 31 N. W. 2d 100 (1948), we said: " * * * ordinarily the owner of the fee, by his annexation of personal property, renders it an accession to the land. * * * We said in Frost v. Schinkel, 121 Neb. 784, 238 N. W. 659, 77 A. L. R. 1381, that where the owner puts in improvements, the law at once raises a presumption of intention to make them a part of the land. Rules for determining what is a fixture are construed strongly against the vendor and in favor of the purchaser."

Applying the foregoing rules, it seems clear the pump and motor were fixtures. The motor was bolted to a concrete pad which measured approximately 8 to 10 feet in length and 4 feet in width. Natural gas to power the motor was supplied from an underground line. The pump was inside the well casing and secured by bolts.

Finding the pump and motor to be fixtures, it becomes necessary to determine whether they were excluded from the sale by the terms of the contract. The purchase agreement provides: "The irrigation equipment is not included in this sale." Both Cook and Albertson testified the term "irrigation equipment" referred to the irrigation pipe and sprinkler system and not to the pump and motor. Smith, defendant's attorney-in-fact, testified as to the following conversation with plaintiffs' attorney after the dispute arose: "Well, you told me you were having problems about a motor in a well and I told you, at that time, that I didn't know that there was a motor in the well, but had I known I would have assumed it went with the property."

Defendant contends the testimony of his attorney-in-fact, as well as that of Cook and Albertson, should have been excluded as violative of the parol evidence rule. The attorney-in-fact was his representative in this transaction and made alterations in the contract before approving it for defendant. Actually, the contract was made by the attorney-in-fact.

In Ely Constr. Co. v. S & S Corp., 184 Neb. 59, 165 N. W. 2d 562 (1969), we said: "In interpreting a written contract, the meaning of which is in doubt and dispute, evidence of prior or contemporaneous negotiations or understandings is admissible to discover the meaning which each party had reason to know would be given to the words by the other party."

In Olds v. Jamison, 195 Neb. 388, 238 N. W. 2d 459 (1976), we stated: "A written instrument is open to explanation by parol evidence when its terms are susceptible to two constructions or where the language employed is vague or ambiguous.

"Conflicting evidence relating to ambiguities and contradictory provisions in a written contract is for the finder of fact."

Defendant argues in his reply brief that even if the pump and motor could be considered "fixtures and

equipment permanently attached to the premises," the irrigation pipe and sprinkler system which were stacked on the property definitely would not be included in this category. From this premise he argues that the provision "excepting irrigation equipment" from the sale must be read to apply to the pump and motor because it would be superfluous otherwise. Actually, there is authority that the irrigation pipe and sprinkler system were also fixtures even though they were not physically attached to the real estate. We said in Frost v. Schinkel, 121 Neb. 784, 238 N. W. 659 (1931): "It should be a safe rule to say that parts of property which are not physically attached to realty, but which are absolutely necessary to the operation of machinery and equipment which is physically attached, become themselves governed by the same rules as that which is annexed to the freehold."

The contract was ambiguous. The parol testimony was properly admitted to ascertain the meaning of the term "irrigation equipment." The testimony preponderates that there was no intention to exclude the pump and motor from the sale. The clause excluding "irrigation equipment" was inserted in response to Richard Cook's assertion that plaintiffs had no need for the irrigation pipe and sprinkler system.

The trial court found as follows: "It is the judgment of this Court that the pump head and the motor were items, although personal, it was the intention of the parties that the said property pass to the purchaser of this property." The court's finding that the disputed items were personal property was erroneous. Such a finding would be inconsistent with the judgment because no items of personal property were included in the sale.

The issue on cross-appeal is whether defendant should be bound by an admission as to value made in his answer to the cross-petition. The cross-petition

was one filed by his codefendant against him. In his answer, he said as follows: "Comes now the defendant, Otto H. Beermann, and for answer to the cross petition of defendant, Allen L. Heikes, admits all of the allegations of said cross petition except that allegation of the fair and reasonable value of said motor and pump as $6,000.00. This answering defendant alleges that the actual value of said pump and motor is $3,500.00 and denies that cross petitioner has suffered or will suffer any damages by reason of said transaction." While this involved a dispute as to value between the codefendants, it constituted one of the issues on which the case was tried. The defendants at no stage of the proceedings attempted to amend the pleadings as filed. The trial court was bound to consider the evidence. A party may at any and all times invoke the language of his opponent's pleadings on which the case is being tried on a particular issue as rendering certain facts indisputable and in doing so he is neither required nor allowed to offer such pleading in evidence in the ordinary manner. See, Aye v. Gartner, 172 Neb. 162, 108 N. W. 2d 798 (1961); Stahlhut v. County of Saline, 176 Neb. 189, 125 N. W. 2d 520 (1964).

In Bonacci v. Cerra, 134 Neb. 476, 279 N. W. 173 (1938), this court quoted the following from 2 Wigmore, Evidence (2d Ed.), § 1064: " 'The pleadings in a cause are, for the purposes of use in that suit, not mere ordinary admissions, * * * but judicial admissions * * * i.e., they are not a means of evidence, but a waiver of all controversy (so far as the opponent may desire to take advantage of them) and therefore a limitation of the issues. Neither party may dispute beyond these limits. Thus, any reference that may be made to them, where the one party desires to avail himself of the other's pleading, is not a process of using evidence, but an invocation of the right to confine the issues and to insist on treating as established the facts admitted in the pleadings.' "

In this case, the plaintiffs offered the pleading in evidence. Defendant objected. An unreported discussion was held at the bench. The court then sustained the objection and stated its basis for doing so was that the statement as to value was made by defendant's attorney and the court was not convinced the pump and motor were worth $3,500. It was not within the province of the court to refuse to consider the judicial admission in the pleading. The defendant's statement of value was a part of the record and was a judicial admission as to value regardless of the fact that the pleading may have been signed by his attorney for him.

At the time the pump and motor were sold to Heikes, defendant's codefendant, defendant was aware that the plaintiffs claimed to be the owners of the property by virtue of the sales contract. As we view the record, this judicial admission of value is binding on the defendant.

For the reasons set out above, plaintiffs' cross-appeal is sustained. The judgment of the trial court is reversed in part, and the cause is remanded with directions to increase the award of damages to $3,500.

REVERSED IN PART, AND REMANDED WITH DIRECTIONS.