RICHARD J. COOK ET AL., APPELLEES AND CROSS-APPELLANTS, V. OTTO H. BEERMANN, APPELLANT AND CROSS-APPELLEE, IMPLEADED WITH ALLEN L. HEIKES, APPELLEE AND CROSS-APPELLEE.

276 N. W. 2d 84

Filed March 6, 1979. No. 41634.

Pierson, Ackerman, Fitchett & Akin and Joseph E. Marsh, for appellant.

Maurice S. Redmond and Gleysteen, Harper, Eidsmoe & Heidman, for appellees Richard J. Cook et al.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

PER CURIAM.

Upon motion for rehearing, the opinion previously adopted by this court and appearing at 201 Neb. 675,

271 N. W. 2d 459, is modified in the following particulars.

Syllabi 7 and 8 are withdrawn and the syllabus appearing above is substituted.

The following statement is stricken from the opinion because it constitutes mere dicta and appears to decide a matter not at issue: "Actually, there is authority that the irrigation pipe and sprinkler system were also fixtures even though they were not physically attached to the real estate. We said in Frost v. Schinkel, 121 Neb. 784, 238 N. W. 659 (1931): 'It should be a safe rule to say that parts of property which are not physically attached to realty, but which are absolutely necessary to the operation of machinery and equipment which is physically attached, become themselves governed by the same rules as that which is annexed to the freehold.' "

All of that portion of the opinion beginning with the words: "While this involved a dispute as to value between the codefendants," down to and including the end of the opinion is stricken and the following substituted therefor.

The rule of evidence is that matters contained in pleadings are judicial admissions insofar as the adversary is concerned. Sleezer v. Lang, 170 Neb. 239, 102 N. W. 2d 435; Knuth v. Singer, 174 Neb. 182, 116 N. W. 2d 291; Saum v. L. R. Foy Constr. Co., Inc., 190 Neb. 783, 212 N. W. 2d 648; State v. Mahloch, 174 Neb. 190, 116 N. W. 2d 305; Kirchner v. Gast, 169 Neb. 404, 100 N. W. 2d 65; In re Estate of McCleneghan, 145 Neb. 707, 17 N. W. 2d 923. Matters contained in pleadings in other cases are simple admissions. Zimmerman v. Lindblad, 154 Neb. 453, 48 N. W. 2d 415; Sears v. Mid-City Motors, Inc., 178 Neb. 175, 132 N. W. 2d 361, affirmed on rehearing, 179 Neb. 100, 136 N. W. 2d 428. The same is true of superseded pleadings. Sleezer v. Lang, *supra*; Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549.

If in this case the plaintiff had brought action

against Heikes alone and obtained judgment against him, then Heikes could have, in an independent action, sought recovery from Beermann on implied warranties of title. In such an action, so far as plaintiff was concerned, whatever Beermann said would only be simple admissions under the above principles. We believe that under the facts here the "admission" was at most a simple admission and not a judicial admission binding the trial court.

We hold that affirmative allegations made by a defendant in his answer to a cross-claim against him by a codefendant, which allegations are in essence denials of allegations of the cross-claim, are not to be treated as judicial admissions upon which the plaintiff may rely in his claim against the defendant, where the rights of the cross-claiming defendant against his codefendant arise from an independent contract between them.

The judgment of the trial court is affirmed.

AFFIRMED.

WHITE, J., dissenting.

Assuming that the majority is correct in its determination and its characterization that the statement in Beermann's pleading was not a judicial admission, the majority have come to an improper result. As both the majority and the opinion on rehearing point out, the pleading which contained the admission was not admitted into evidence by the trial court; it was therefore not considered. Such evidence is acknowledged by all parties to be relevant and bears directly on the issue in controversy. Logic would require that the case be remanded for a new trial in which the admittedly admissible evidence would be considered by the trier of fact in arriving at his judgment. Instead, the majority votes to affirm, both condemning the refusal of the trial court to admit the evidence and agreeing with it on the result. I would reverse and remand for new trial.

BOSLAUGH, J., joins in this dissent.