## WILLIAM VORCE V. MARIA L. PAGE.

[FILED DECEMBER 31, 1889.]

1. **Attorney:** AUTHORITY. Where an attorney appears in a cause, the presumption is that he has authority and that presumption continues until the want of such authority is established by proof.

2. ——: ——: EVIDENCE. The question of the authority of such appearance was submitted to the trial jury specially, and they found that the appearance of counsel in proceedings, upon which plaintiff's rights were based, was without authority. *Held*, Under the evidence, the finding of the jury was conclusive.

3. **Service by Publication:** Where service of notice is made by publication, and no appearance is made by the defendant, jurisdiction will be acquired for no other purpose than granting the relief demanded in the petition, and of which notice was given.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*Kennedy & Gilbert*, for plaintiff in error.

*Savage & Morris*, for defendant in error:

The affidavit for attachment is insufficient and all subsequent proceedings were *coram non judice*, and void. (Drake on Attachment, sec. 437 *et seq.; Greenwault v. Bank*, 2 Doug., [Mich], 508; *Quarles v. Robinson*, 1 Chandler [Wis.], 31; *Whitney v. Brunette*, 15 Wis., 67; *Thatcher v. Powell*, 6 Wheat. [U. S.], 119.) Our statute has not changed the rule of the common law, that the husband was not the owner of the wife's real estate, and could only obtain it or subject it to the payment of his debts by proceedings in equity. (Story, Eq. Jur., secs. 1366–1429; *Ogden v. Guice*, 56 Miss., 330; *Schafroth v. Ambs*, 46 Mo., 114; *Armstrong v. Ross*, 20 N. J. Eq., 109; *Priest v. Cone*, 51 Vt., 495.)

REESE, CH. J.

This was an action in ejectment by which plaintiff in error sought to recover from John H. Peterson the possession of the southeast quarter of section 2, in township 14 north, range 11 east, in Douglas county. Soon after the institution of the action defendant in error, Maria L. Page, appeared and asked to be made a party defendant, when she was allowed to intervene as defendant in the action. Peterson, who had possession of the real estate as her tenant, appeared and filed his disclaimer, when the action proceeded against defendant in error alone.

The petition of plaintiff in error was in the usual form. The answer of defendant in error was a general denial of all the allegations of the petition, with the exception of the allegation that she was in possession of the property, which was admitted. A jury trial was had which resulted in a verdict in favor of defendant. Plaintiff brings the case to this court by proceedings in error.

It appears from the evidence, that the real estate in controversy was patented to defendant in error by the United States in the year 1860, and after residing in Douglas county for a time, she, with her husband and family, removed to the state of Pennsylvania. Soon after their removal J. H. N. Patrick instituted a suit in the district court against her and her husband for the sum of about $300, which it was alleged Patrick had paid as rent on the property which had been occupied by the family during a portion of their residence here. The action was an attachment and the property in dispute was levied upon and notice given by publication.

Prior to the rendition of the judgment the law firm of Redick & Briggs appeared for defendant in error and contested the case in her behalf. No appearance was made by her husband. A judgment was rendered in favor of

Patrick and against Henry L. Page, the husband of defendant in error, for the sum of $305.50, and for the satisfaction of which an order of sale was issued and the property sold, the sale confirmed and a deed made. Plaintiff in error is a grantee through *mesne* conveyance of the purchaser at that sale. It was contended by defendant in error upon the trial, and so testified by her, that the firm of Redick & Briggs had no authority to appear for her in the district court and that she had no knowledge of the pendency of the proceedings to subject her land until long after the sale; that their appearance was through a mistake made by them. It was also testified by her husband, Henry L. Page, that he had corresponded with them concerning a piece of property in the city of Omaha, about which there was some question, and that he employed them to look after that property, but that he did not employ them to defend in the suit of Patrick against himself and defendant. This question was submitted specially to the trial jury, and by their special verdict they found that the firm of Redick & Briggs had no authority to appear for defendant in error in that suit, and were not employed by her nor for her. Upon the other questions presented upon the trial the court instructed the jury to return a verdict in favor of defendant in error.

The special finding of the jury must be taken as conclusive that Redick & Briggs had no authority to appear for defendant in error in the suit referred to. While that firm was composed of reputable gentlemen, who certainly would not appear in a case of that kind without believing that they were acting by authority, yet we think, upon the evidence offered, the jury were justified in finding that their appearance was through a misapprehension and not by employment. When an attorney appears in an action as the representative of a party to such action, the presumption of law is that he appears by the authority of the party whom he assumes to represent, but this presumption

is *prima facie* and may be rebutted by proof that the appearance was without such authority. The appearance of counsel being without the procurement or knowledge of defendant in error, no jurisdiction was conferred thereby.

The next question presented is whether or not the court had jurisdiction to enter the order then made without reference to such appearance. By the allegations of the petition a cause of action was stated against both Henry L. Page and defendant in error, unless the averment that she was a married woman should avoid the liability claimed in the petition; but as that question is not important it will not be here discussed. The affidavit of verification filed with the petition was as follows:

"STATE OF NEBRASKA, ⎱ ss.
 "DOUGLAS COUNTY, ⎰

"I, J. H. N. Patrick, on oath say, that I am plaintiff in the above entitled cause; that I have read the foregoing petition and believe the fact stated therein to be true. This deponent further says that said defendants are non-residents of this state and are now absent therefrom, and that personal service cannot be made on said defendants in this state; that said defendants have property in this state which plaintiff seeks to appropriate to the payment of his debts; that the plaintiff's claims in the above action is for money paid, laid out, and expended to and for the use of the said defendants and at their special instance and request; that said claim is just and that plaintiff is entitled to recover a judgment therefor. Wherefore plaintiff asks that an order of attachment may issue against said property of said defendants.                    ' J. H. N. PATRICK.

"Subscribed in my presence and sworn to before me this 26th day of September, 1867.
                    " GEORGE ARMSTRONG, *Clerk.*"

No other affidavit for attachment or of non-residence of the defendants in that action was filed; this affidavit serving the three-fold purpose of the verification of the petition

and affidavit in attachment and an affidavit of non-residence in order to procure service by publication.

The verdict of the jury to which the cause was submitted was as follows:

"We, the jury, impaneled and sworn in the above entitled cause, find upon the issues joined for the plaintiff and against defendant Henry L. Page, and assess his damages at $305.50, and we do further find that said indebtedness arose for rent of the dwelling house for the use of said defendant during coverture between said defendants.

                    "G. Rustin, *Foreman.*"

The entry of judgment was as follows:

"This cause came on to be further heard upon the motion of B. E. B. Kennedy, attorney for plaintiff, for judgment upon the special verdict of the jury in this case, and the court having examined said matter and the said verdict of the said jury herein, and being fully advised in the premises, and it appearing to the satisfaction of this court that said action is based upon a debt against said defendant for necessary support of the family of the said defendant during coverture, and the jury having found and returned a special verdict herein under the direction of this court, it is ordered and adjudged by the court that the said plaintiff have and recover a judgment against the said defendant Henry L. Page, upon said verdict, for the sum of $305.50 damages and cost of suit, to be taxed by the clerk. And that the said property attached in this suit be sold as upon execution to satisfy said judgment as the law directs, and that the separate property of the said Maria L. Page be held subject to execution and sale for the satisfaction of said judgment and costs."

Upon this judgment an order of sale was issued, the property levied upon and sold.

It is now contended, First, that the affidavits in attachment, and of the non-residence of defendant, were insufficient; or rather, that no legal affidavits of the kind were

filed—the affidavits referred to being filed before the commencement of the action.   It is also contended that the verdict of the jury was not sufficient to support a judgment against defendant in error and that the judgment itself, being against her husband alone, and not against her, her property could not be legally sold for its payment.

While the sufficiency of the affidavit for attachment, and of non-residence, may be a matter of some doubt for the purpose of conferring jurisdiction, yet we are inclined to the belief that the principal difficulty, under which plaintiff in error labors, grows out of the want of a judgment against defendant in error.

As before intimated, the petition was against Henry L. Page and Maria L. Page as defendants, and in which a joint indebtedness was declared upon as against them; that the indebtedness to the plaintiff in that action was incurred at the joint instance and request of the two defendants; and that each was equally liable for the payment of said indebtedness upon their contract.   The section of the statute in force at that time, and which the district court evidently had in mind at the time of rendering the judgment, was section 520, at page 483, of the Revised Statutes of 1866.   This section was as follows:

"The property owned by a married woman, before her marriage, and that which she may acquire after marriage by descent, gift, grant, devise or otherwise, and the use and profits thereof, shall be exempt from all debts and liabilities of her husband, contracted or incurred by him previous to their marriage, or subsequently thereto, or previous to the time the wife came into possession of such property: *Provided, however,* That all debts contracted for necessary articles for the use and benefit of the family of such married woman shall be excepted from the operation of this section."

As we have seen, the original action was against Henry L. Page and Maria L. Page as joint debtors, and a joint

judgment against both was demanded. There was no effort to make the property of the wife liable on the ground that the debt was for necessaries for the family. The affidavit for attachment, if it could be so termed, makes no reference to such a proceeding. Neither does the published notice intimate anything of the kind. Had the judgment been rendered against both, as sought by the plaintiff in the action, it is quite probable that it might have been conclusive. But no such judgment was rendered, nor does it appear from the verdict of the jury that any such issue was submitted to them. It is quite clear that the jurisdiction acquired, if any was obtained, could extend only to the relief prayed for in the petition, and of which notice was given by publication. Otherwise stated, assuming the affidavit and notice to be sufficient to confer jurisdiction, for the purposes of the action brought, such jurisdiction could go no further, nor be used for a different purpose than that stated in the notice and affidavit, and notice that an action was pending against plaintiff for a personal liability would not confer jurisdiction to make an order that her property should be held subject to the payment of a debt, for the payment of which she was not primarily liable. The judgment would have to follow the notice given.

Finding no error in the judgment of the district court, it is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.