JOAN S. FERLISE, APPELLEE, V. BYRON RAZNICK, AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF
ROSE RAZNICK, APPELLANT.

277 N. W. 2d 94

Filed March 27, 1979. No. 41948.

Michael G. Helms for Schmid, Ford, Mooney, Frederick & Caporale, for appellant.

Michael J. Lehan, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and WHITE, JJ., and REIMER, District Judge.

REIMER, District Judge.

The plaintiff brings this action for injuries suffered in an automobile accident against the original defendant, Rose Raznick, who later died, and the action was revived against her personal representative. After trial to a jury in the District Court for Douglas County, Nebraska, both a verdict and judgment were entered for the plaintiff in the sum of $13,500. We affirm.

Negligence of defendant's decedent is not denied and no claim of contributory negligence is made. The sole issue before the jury was the nature and extent of the plaintiff's injuries. On this matter, the following facts are relevant. The plaintiff was, at the time of the accident, 51 years of age and had been a widow for a number of years. Her employment career commenced in 1973 after her children were raised. She worked at several different places and, eventually, was employed as a waitress and bartender until this employment was terminated on June 15, 1975. The accident happened on June 18, 1975, while the plaintiff was going to make application for unemployment benefits. Plaintiff later made application for unemployment benefits under date of June 30, 1975, and soon thereafter began drawing benefits which continued into the year 1976, although at times she had part-time employment and the amount of benefits were reduced by her part-time earnings. Plaintiff testified that she was offered work as a bartender approximately 3 weeks

following the accident, but was unable to do that type of work so soon; that she did go back to work as a part-time bartender in November 1975; and that she tried to get other, less strenuous employment between June and November. At one time she tried selling insurance, but the numerous occasions of getting in and out of the car "ended up as bad" as bartending.

The defendant assigns and argues in the brief two errors. The first deals with the application of the plaintiff for unemployment benefits. This issue was first raised prior to trial when plaintiff, by motion in limine, requested an order of the court restricting the defendant from attempting or bringing to the attention of the jury evidence of the fact that plaintiff may or may not have received unemployment benefits. On this matter the court correctly ruled as follows: "THE COURT: If she claims that she was unable to work at all and she certified that she was able to work, then I will permit it, but if she claims she was only diminished in her ability to work, then that evidence would not be pertinent, because while it doesn't say she is able to do any kind of work, only that — It's a question of whether it's an inability to work at all or a diminished capacity to work."

During the course of the trial, in chambers and out of the presence of the jury, defendant had certain documentary evidence marked as exhibits "A" through "M" and offered the same into evidence, upon which offer the court ruled: "* * * the exhibits standing by themselves serve no useful purpose of cross examination; that they are not a rebuttal of the testimony already given by the witness, both on direct examination and cross examination, and that receipt of these exhibits, the Court having reviewed the same in camera, would only unduly confuse the jury and encumber the record." The court then sustained the plaintiff's motion in limine.

A careful examination of these exhibits indicated

that most of them deal with periods of time after November 1975, when the plaintiff started to work part time.  As to these exhibits, the ruling of the court was correct.

Only exhibits "H" and "I" are relevant to this discussion.  Exhibit "H" consists of four pages of records from the Nebraska Department of Labor, Division of Employment, and exhibit "I" consists of five pages of records from the same department.  The first page of each exhibit is a "CLAIM FOR BENEFITS" form, appearing to have been signed by the plaintiff in exhibit "H" on June 30, 1975, and in exhibit "I" on November 3, 1975.  Each form contains this printed statement immediately above the apparent signature of the plaintiff:  "12. I register for work, certify that I am unemployed, available and able to work, and that I am seeking suitable work.  I am not seeking benefits under another State or Federal Law or Railroad Unemployment Insurance.  I understand that the Nebraska Law provides penalties for false statements.  I claim benefits under the Nebraska Employment Security Law and state the above information is true and correct."  The remaining pages of each exhibit do not appear to have been prepared by the plaintiff and no apparent signature of plaintiff appears on any of those pages.

The first page of each exhibit "H" and "I" were admissible in evidence.  "The applicable rule is that extrajudicial statements of fact made by a party relating to matters material to the issues in a controversy are available to the adverse party in a trial thereof as admissions against interest or for impeachment.  Such statements are, however, not conclusive but may be explained, rebutted, or contradicted, and thereafter are to be given such weight as the trier of the facts deems them entitled."  Dorn v. Sturges, 157 Neb. 491, 59 N. W. 2d 751.  However, the remaining pages of each exhibit "H" and "I" were clearly irrelevant and immaterial to the issues in

this case and the court committed no error in excluding the exhibits as offered. The record does not reveal that defendant ever made a separate offer of only the first pages of these exhibits. On this record we find no error.

For defendant's second assignment of error, it is complained that the court erred in failing to include the following in instruction No. 10: " 'there may be no recovery, however, for any result which normally would have followed from the pre-existing condition had there been no accident.' "

The medical testimony of both Drs. Kinney and Minard was that the plaintiff suffered from an arthritic condition prior to the accident. Dr. Minard testified that plaintiff was suffering from degenerative changes in her neck and back which are similar to what most people experience from age 30 on, but that in plaintiff these changes probably started by age 17. There is, however, no testimony of any type of disability prior to the time of the accident. The testimony is that the injury aggravated or accelerated the aging or arthritic process.

"The trial court should eliminate all matters not in dispute and submit to the jury only the controverted questions of fact upon which the verdict must depend." Myers v. Willmeroth, 151 Neb. 712, 39 N. W. 2d 423. The instructions were correct under this record.

The judgment of the trial court should be, and is, affirmed.

AFFIRMED.