JoAnn Gasper et al., appellants, v. Howard U. Moss, appellee.

281 N. W. 2d 213

Filed July 10, 1979. No. 42243.

H. Jerome Kinney, for appellants.

Collins & Gleason, for appellee.

Heard before Boslaugh, McCown, Brodkey, and Hastings, JJ., and Fahrnbruch, District Judge.

McCown, J.

This action in equity was brought by three step-daughters of a decedent to establish an oral trust on behalf of the plaintiffs in one-half of the funds formerly held in a joint bank account between the decedent and his son, the defendant. Following trial the District Court dismissed plaintiffs' petition, and plaintiffs have appealed.

Howard F. Moss died August 8, 1976. Under the terms of his will dated April 16, 1974, plaintiffs were beneficiaries of one-half of his estate and his son, Howard U. Moss, was the beneficiary of the other half and was also the executor. At the time of his death Howard F. Moss had a joint bank account with his son, Howard U. Moss, in the sum of $15,996.86. On or about August 11, 1976, the defendant, Howard U. Moss, withdrew all the funds in the joint bank account.

Other than the bank account the decedent apparently owned no property of any substantial value at the time of his death. An insurance policy he owned was cashed and applied toward the expense of burial. The furnishings in his apartment were distributed between the plaintiffs, the defendant, and other friends. Apparently the estate was not probated. The record shows that on February 4, 1977, the defendant, Howard U. Moss, paid from his personal checking account the decedent's hospital bill of $1,000 and two doctor bills totaling $312.04.

On October 18, 1977, plaintiffs filed this action alleging that the defendant was named a joint owner of the bank account pursuant to a trust agreement between the decedent and the defendant by the terms of which, upon the death of the decedent, Howard F. Moss, the funds in the account were to be distributed to the beneficiaries under the will of Howard F. Moss; that defendant had withdrawn all the funds in the bank account after the death of the decedent in violation of the trust agreement; and that half of

such funds are held in trust by the defendant for the plaintiffs.

Howard F. Moss and Anna Moss were married December 18, 1971. It was a second marriage for each. Plaintiffs are the daughters of Anna Moss and the defendant is the son of Howard F. Moss. Prior to the death of Anna Moss, she and Howard F. Moss had gone to the same attorney to have their wills prepared. The will of Howard F. Moss was executed April 16, 1974. Anna Moss died August 6, 1974. The will of Anna Moss, according to the testimony, specified that her property was to be divided among her three daughters. Her daughter, JoAnn Gasper, was named executrix. At the time of Anna Moss' death, she had a joint bank account with her daughter, JoAnn Gasper. When Anna Moss died JoAnn combined the money from insurance policies, bonds, and the joint savings account, paid the bills, and divided the remainder among the three sisters and their brother, although the brother was specifically excluded by the will. The record does not show whether the will was ever offered for probate.

Plaintiffs' evidence was that Howard F. Moss said he wanted his estate to be handled in the same fashion as that of Anna Moss. After the death of Anna Moss he told the plaintiffs and some of their spouses that he had a savings account in his name and that the three plaintiffs were to get one-half of the savings. Plaintiffs' evidence was that he referred to his will and his savings interchangeably and said on one occasion: "[M]y savings is my Will." Plaintiffs' evidence also indicated there was a warm relationship between Howard F. Moss and the three stepdaughters which continued after the death of Anna Moss. Plaintiffs testified that at the funeral of Howard F. Moss, and on later occasions, the defendant told them that he was handling all the bills and that after everything was settled he would divide the

remainder of the savings with the plaintiffs according to the will.

The defendant's testimony was that Howard F. Moss did not explain why he made defendant a joint tenant of the bank account. The defendant denied that Howard F. Moss ever created any trust or gave him any instructions about the account except that he was to take care of any bills with the money in the account and any balance was to go to him. The defendant also denied telling plaintiffs that after the bills were paid he would settle up with them. He testified that he merely told plaintiffs he would take care of everything.

At the conclusion of the trial the court took the matter under advisement and after the submission of briefs sustained defendant's motion to dismiss, and dismissed plaintiffs' petition. The plaintiffs contend that the evidence was insufficient to support the judgment of dismissal.

Section 30-2703 (a), R. R. S. 1943, provides: "(a) A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent."

Section 30-2704 (a) and (e), R. R. S. 1943, provide: "(a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created. * * *.

"(e) A right of survivorship arising from the express terms of the account or under this section, a beneficiary designation in a trust account, or a P. O. D. payee designation, cannot be changed by will."

Those statutes were adopted in 1974 as a part of the Nebraska Probate Code which became operative January 1, 1977. In essence they codify previous

decisions of this court that evidence to establish an oral trust in a joint bank account or savings account must be clear, satisfactory, and convincing in character. See Eden v. Eden, 182 Neb. 768, 157 N. W. 2d 543.

In this case there is no direct evidence to establish the existence of an oral trust. Neither is the indirect or circumstantial evidence clear and convincing. Although the decedent may have had many different reasons for establishing the joint bank account with his son, the evidence is not clear and convincing that he created or established an oral trust for the plaintiffs at the time the joint account with defendant was established. The circumstantial evidence was also in conflict, and the evidence as a whole supports the trial court's conclusion.

On an appeal from a judgment in equity when credible evidence on material questions of fact is in conflict, the Supreme Court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. Wasserburger v. Coffee, 201 Neb. 416, 267 N. W. 2d 760.

The judgment of the District Court is affirmed.

AFFIRMED.