KNOELL CONSTRUCTION COMPANY, INC., APPELLEE AND CROSS-APPELLANT, v. JAMES A. HANSON AND MARJORY HANSON, APPELLANTS AND CROSS-APPELLEES, IMPLEADED WITH LEO WOLFE ET AL., APPELLEES.

287 N. W. 2d 435

Filed January 15, 1980. No. 42483.

Carlos E. Schaper and John O. Sennett, for appellants.

Steven O. Stumpff and Stumpff & Washburn, for appellee Knoell.

Heard before KRIVOSHA, C. J., BRODKEY, WHITE, and HASTINGS, JJ., and HOWARD, District Judge.

KRIVOSHA, C. J.

This appeal once again proves the old adage that haste makes waste or at least provides fertile ground in which to raise disputes. This case is the first in what appears to be an ongoing series of disputes between appellants and appellee concerning the leveling of land owned by appellants. See Knoell Constr. Co., Inc. v. Hanson, *post* p. 311, 287 N. W. 2d 439.

The record reflects that some time early in October of 1976 Knoell Construction Company (Knoell) filed a petition in the District Court for Valley County, Nebraska, which in essence sought to foreclose an alleged mechanic's lien on property owned by James A. Hanson and Marjory Hanson (Hansons). The petition alleged in very general terms that on March 17, 1975, Hansons entered into an oral contract with Knoell for the leveling of land owned by Hansons. The petition further alleged that Hansons "* * * promised and agreed to pay to the Plaintiff for the labor so furnished by the Plaintiff, the sum of * * * $51,567.50 * * *." The petition alleged further that Hansons had paid to Knoell the sum of $28,000 and that there was still due and owing $23,567.50. The petition prayed for judgment against all the defendants for $23,567.50 and for a foreclosure of Knoell's mechanic's lien.

Thereafter, in January of 1977, Knoell filed an amended petition which set out in greater detail the alleged agreement, including the fact that Hansons first sought to employ Knoell to level 100 acres of

land owned by Hansons for the sum of $28,000 if Knoell did not run into mud in the low areas during the land leveling work. The petition further alleged that at a later time a new map was prepared covering approximately 170 acres and at that time Hansons agreed to pay Knoell $40,000 for the land leveling "if conditions were favorable." The petition does not make clear what conditions were to be considered "favorable." The petition then alleged that virtually all the work had been done, that Hansons had paid to Knoell only the sum of $28,000, and that there was due and owing $23,567.50 plus interest for which Knoell sought judgment and the foreclosure of the mechanic's lien.

Hansons thereafter filed an answer in which they generally denied the specific allegations of Knoell's amended petition but did admit that Knoell had agreed to level 200 acres of Hansons' land for which Hansons agreed to pay $40,000; that all the work had not been done and Knoell, therefore, had not substantially performed its contracts so as to be entitled to a foreclosure of its mechanic's lien. Hansons asked that the petition seeking foreclosure be dismissed.

On the morning of trial and just after opening statements had been made, Knoell's attorney orally moved the court for an order authorizing an amendment to the amended petition by striking the language which alleged the parties had a specific oral contract for the payment of $51,567.50, substituting therefor allegations which created an oral contract to perform labor for an unspecified hourly rate which Hansons agreed to pay to Knoell. Knoell further sought to amend the amended petition by additionally alleging that "Defendant James A. Hanson knew of the labor so furnished by the Plaintiff and agreed to being billed by the hour, which totals by the hour the sum of * * * $51,567.50 and paid to the Plaintiff the sum of * * * $28,000.00 leaving a balance

of * * * $23,567.50 which has not been paid.'' Over the objection of Hansons, the trial court permitted the amendment and trial then proceeded on the basis of an oral contract to perform labor at an unspecified hourly amount. Hansons did not seek a continuance and asked that their answer to the amended petition previously filed be considered as their answer to the amendments thereto as well. Knoell then proceeded to introduce evidence of the oral contract to perform the labor at an unspecified hourly rate. At the conclusion of Knoell's case, Hansons moved to dismiss on the sole ground that Knoell had failed to prove substantial performance. The motion was overruled, and Hansons without further objection proceeded to introduce their evidence.

At the conclusion of all the evidence neither party made any further motions and both parties rested. The trial court took the matter under advisement and thereafter entered a written judgment. The judgment specifically found, contrary to Knoell's amended petition and claim that there was an oral contract to pay Knoell on an unspecified hourly rate totaling $51,567.50, that in fact there was a specific contract for the payment of $40,000. The judgment does not indicate, however, whether the payment of the $40,000 was for 100 acres as first alleged, 170 acres as later alleged by Knoell, or 200 acres as alleged by Hansons. What is clear, however, is that Knoell did not prove either a specific contract for $51,567.50 or an oral contract on an hourly basis amounting to $51,567.50.

The trial court further concluded that Knoell, having failed to prove the material allegations of its amended petition, was not entitled to foreclose its mechanic's lien but was instead entitled to a judgment for money. The trial court further concluded that Knoell had not completed all the required work and that it would require an additional 1½ days of work in order to complete the land leveling. The

court found that the reasonable value of the work was in the amount of $2,109, that Hansons had paid Knoell $28,000, and therefore entered judgment for Knoell and against Hansons in the amount of $9,891. Neither the judgment nor the record makes it clear how the trial court arrived at its finding concerning either the 1½ days work or the amount of $2,109. The record is simply insufficient in that regard.

Hansons claim the trial court erred in granting judgment for Knoell based upon a specific contract for $40,000 when Knoell had pleaded an hourly contract totaling $51,567.50. In support of that position Hansons rely upon the rule of law that a party may not plead a cause of action on an express agreement and then, over objection, prove and recover on a cause of action founded on quantum meruit. See School Dist. No. 145 v. Robertson, 171 Neb. 176, 105 N. W. 2d 735. Hansons further argue that the rule of law is inflexible and that the allegations and the proof must agree. See, Bauer v. Wood, 144 Neb. 14, 12 N. W. 2d 118; Foote v. Chittenden, 106 Neb. 704, 184 N. W. 167.

The record makes it clear that the parties tried the case on a single theory of a promise to pay some amount for leveling a certain number of acres. Each side disputed the amount of the contract and without objection offered evidence as to the amount. Likewise, the parties disputed the amount of land to be leveled and again without objection offered evidence to support their view. Both sides conceded that some work remained to be done and without objection offered evidence to support their position.

Hansons, in their answer, admitted a contract had been entered into by the parties. They claimed the contract was for leveling 200 acres at a price of $40,000. That answer limited the issues in the case. "The pleadings in a cause are, for the purposes of use in that suit, not mere ordinary admissions, * * * but judicial admissions * * * i.e., they are not a

means of evidence, but a waiver of all controversy (so far as the opponent may desire to take advantage of them) and therefore a limitation on the issues. Neither party may dispute beyond these limits. Thus, any reference that may be made to them, where the one party desires to avail himself of the other's pleading, is not a process of using evidence, but an invocation of the right to confine the issues and to insist on treating as established the facts admitted in the pleadings.'' Cook v. Beermann, 201 Neb. 675, 271 N. W. 2d 459. The trial court adopted Hansons' theory as set out in their answer. We fail to see how Hansons can object. We have frequently said that this court will dispose of an appeal on the theory on which it was presented to the trial court by the parties. Reeves v. Associates Financial Services Co., Inc., 197 Neb. 107, 247 N. W. 2d 434; Schimonitz v. Midwest Electric Membership Corp., 182 Neb. 810, 157 N. W. 2d 548; Kansas-Nebraska Nat. Gas Co., Inc. v. Consumers P. P. Dist., 179 Neb. 687, 140 N. W. 2d 10. That portion of the trial court's finding that there was an express contract between the parties for the amount of $40,000 is fully supported by the record and must be affirmed.

The parties further agree that some work was left to be done for which Hansons should receive credit. We are unable to determine from the record what the amount of work is or what the reasonable value of performing the work would be. To that extent the case must be remanded to the District Court for the limited purpose of taking evidence and determining how many acres were to be leveled, how many acres remained undone, and the reasonable value of the work to be done under the contract. Once that has been determined, a judgment for $40,000 less the amounts heretofore paid and credits due Hansons should be entered for the appropriate party.

Further, we are unable to determine why the trial court denied Knoell's prayer to foreclose its lien for

the amount found due. There was no finding made by the trial court of gross neglect or fraud on Knoell's part. We have frequently held in a mechanic's lien foreclosure that in the absence of a showing of carelessness or willfulness in making the claim, the recovery of a just debt will not be denied where nothing but fair dealing was intended. See, Central Construction Co. v. Highsmith, 155 Neb. 113, 50 N. W. 2d 817; Jensen v. Manthe, 168 Neb. 361, 95 N. W. 2d 699. While the record discloses a difference of opinion as to the contract, with the court accepting one version over the other, we find no evidence of gross carelessness or design necessary to defeat a mechanic's lien in its entirety.

Once the balance due and owing is determined and if it runs in favor of Knoell, a foreclosure of the lien in that amount should be ordered.

We have reviewed Knoell's cross-appeal and find the evidence insufficient to establish its claim for $51,567.50. The trial court was correct in its basic finding and the cross-appeal must be denied.

The judgment is therefore reversed and the cause remanded with directions for further proceedings in accordance with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.