KNOELL CONSTRUCTION COMPANY, INC., APPELLEE, V. JAMES A. HANSON ET AL., APPELLANTS.

308 N.W.2d 356

Filed July 10, 1981. No. 43908.

Richard G. Kopf of Cook & Kopf, P.C., for appellants.

Steven O. Stumpff of Stumpff & Washburn for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action to foreclose a mechanic's lien based upon an express contract for leveling the defendants' land. This is the second appearance of this case in this court. See *Knoell Constr. Co., Inc. v. Hanson*, 205 Neb. 305, 287 N.W.2d 435 (1980). In that case this court af-

firmed the District Court finding that there was an express contract for the sum of $40,000, upon which $28,000 had been paid. The evidence was undisputed that some work remained to be done. The case was remanded to the District Court for the limited purpose of taking evidence and determining how many acres were to be leveled, how many acres remained undone, and the reasonable value of the work remaining to be done.

On remand, additional evidence was taken and the District Court determined that there was never an agreement as to the number of acres to be leveled but the parties did agree on what land was to be leveled. The court found that there were 24 acres left to be leveled and that the reasonable value of performing the work would be $2,880. The District Court gave the defendants credit for the sum of $2,880 in addition to the $28,000 previously paid and entered its decree in the sum of $9,120 in favor of plaintiff, with interest, and foreclosed the mechanic's lien. The defendants have appealed.

At the outset of the trial on remand it was stipulated that the bill of exceptions from the prior trial could be considered by the court without the necessity of recalling the witnesses. The evidence at the former trial was taken without surveys or scale maps or drawings and was confusing in many respects as is indicated in our former opinion. Exhibit 35, a survey map of the land, was used at the rehearing but it is difficult to correlate testimony based on that exhibit to testimony at the first trial. There was a broad agreement as to the general extent of the area to be leveled but a conflict in the evidence as to how many acres that area included. The evidence was directly contradictory as to the number of acres remaining to be done and the reasonable cost of completing the work.

The plaintiff's testimony was that 15 acres of land remained to be completed and that the reasonable cost of the work needed to complete the contract would be

$120 per acre, a total of $1,800. That evidence was corroborated by the testimony of an agricultural engineer. The defendants' evidence was that 41 acres of land remained to be completed and a land leveling contractor testified that the reasonable cost of completing the work on those 41 acres would be $27,675. The defendants also offered evidence that an additional 5 acres remained to be completed and that the reasonable cost of completing that 5 acres would be $3,465. That evidence, however, was excluded by the trial court. At the second trial the District Court also made a personal inspection and observation of the premises.

After trial the District Court found that the work on 24 acres of land remained to be completed and that the reasonable cost of completing the work would be $120 per acre, or $2,880. The District Court therefore gave defendants credit for the sum of $2,880 against the $12,000 remaining to be paid and foreclosed plaintiff's mechanic's lien in the sum of $9,120, plus interest.

The defendants first contend that the findings of fact made by the District Court are not supported by the evidence because there is no specific testimony in the record that 24 acres remain to be completed, and no witness testified that the cost of completing that 24 acres was $2,800. The defendants therefore contend that the findings of fact do not conform to the evidence. The trial court is not required to accept one party's or one witness' version of the facts but is required to reach an independent conclusion as to those facts. This is not a case in which the damages are uncertain, conjectural, and speculative. The trial court was required to reconcile extensive conflicts in the evidence and testimony and to reach a conclusion based upon the evidence. Where it has been proven that damage has resulted and the only uncertainty is the exact amount, it is sufficient if there is evidence from which the amount of the damages can be ascertained with reasonable certainty. *Delp v. Laier*, 205 Neb. 417, 288 N.W.2d 265 (1980).

In the case at bar the trial court had the benefit of a

personal inspection and observation of the premises which are the subject of this action and also saw and heard the witnesses. It is the duty of this court on appeal of an action in equity to try the issues de novo and to reach an independent conclusion without being influenced by the findings of the trial court except to give weight to the fact that the trial court saw the witnesses and observed their demeanor while testifying, that it inspected the premises, and that its examination constituted evidence tending to influence belief or unbelief on the matters at issue in the case. *Engel v. Rhen Marshall, Inc.*, 206 Neb. 265, 292 N.W.2d 307 (1980).

The defendants also assert that the District Court erred in excluding testimony that 46 rather than 41 acres remained to be completed, and that the cost of completing the additional 5 acres would be $3,465. Offers of proof were made, but the District Court excluded the evidence upon the ground that the defendants' testimony at the prior trial constituted a judicial admission that only 41 acres remained to be completed.

Defendants contend that the testimony at the prior trial did not constitute a judicial admission but was, at most, only an evidentiary admission. Whether the defendants' testimony constituted a judicial or an evidentiary admission, the result here is unaffected. The trial court accepted the defendants' testimony at the prior trial as an admission. Whether evidence contradicting such admissions was admitted or excluded on remand, the admissions remained, and the trial court made its factual determinations based on conflicting testimony.

On an appeal from a judgment in equity when credible evidence on material questions of fact is in conflict, the Supreme Court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. *Gasper v. Moss*, 204 Neb. 24, 281 N.W.2d 213 (1979).

The judgment of the District Court was correct and is affirmed.

AFFIRMED.