ALBERT ROCEK, APPELLANT, V. DEPARTMENT OF PUBLIC INSTITUTIONS, STATE OF NEBRASKA, ET AL., APPELLEES.
404 N.W.2d 414

Filed April 17, 1987. No. 85-804.

Robert Wm. Chapin, Jr., of Mowbray, Chapin & Walker, P.C., for appellant.

Robert M. Spire, Attorney General, and Charles E. Lowe, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

Albert Rocek appeals from a judgment of the district court, which affirmed a decision of the Nebraska State Personnel Board upholding the Department of Public Institution's discharge of Rocek from his job at the Lincoln Regional Center.

Rocek's assignments of error raise six issues to be addressed by this court: first, that the Department of Public Institutions followed incorrect procedure when it extended its suspension of Rocek; second, that Rocek's due process rights were violated because one person investigated him, testified against him, and decided to terminate him; third, that a police report was erroneously admitted into evidence; fourth, that the State Personnel Board considered records and documents that were not part of the record; fifth, that Rocek was denied his right to cross-examine witnesses against him; and sixth, that the decision to terminate the appellant was not supported by the evidence. We affirm the district court's judgment upholding the termination.

At the time when the disciplinary action at issue here arose, Rocek was employed as a Psychological Services Assistant II at the Lincoln Regional Center. His duties included treatment development, group and individual counseling, and testing of patients. His work required extensive unsupervised contact with patients. His duties involved him in all programs of the security unit at the center, including the mentally disordered sex offender program.

On September 21, 1983, a plainclothes officer, Gregory Sims, walked into a restroom at a public park and observed Rocek stroking his penis in an open stall. The officer engaged Rocek in conversation, and Rocek continued masturbating. Upon leaving the public facility, Rocek was arrested and charged with disturbing the peace. His name appeared in the newspaper on October 6, 1983, in connection with the incident, and, as a result of this publication, Rocek's supervisor, Dr. Suzanne Bohn, became aware of his arrest. She limited Rocek's contact with the patients and, on October 13, 1983, suspended him for 10 workdays.

On October 18, 1983, Rocek entered the Lancaster County pretrial diversion program, and the disorderly conduct charge was dismissed. On October 28, 1983, Rocek was notified his suspension was extended an additional 10 workdays. Rocek filed a grievance based on this extension, which was denied.

On November 2, 1983, Rocek and his attorney met with persons from the regional center and Department of Public

Institutions to discuss the incident and investigation. Rocek was terminated on November 10, 1983.

Rocek filed a grievance contesting his termination, which was denied after a hearing. Later, he was afforded a full evidentiary hearing before the State Personnel Board, which upheld his termination. After an unsuccessful appeal from that tribunal to the district court for Lancaster County, Rocek brings this present appeal.

## PROCEDURAL ISSUES

Rocek argues in his first assignment of error that the act of extending his suspension after he had entered the pretrial diversion program was improper and unauthorized by rule 13.14.5 of the Nebraska Personnel System Rules and Regulations, which provides:

> Suspension for Legal Charges or Investigation. Employees who are under investigation for or charged with criminal activity may . . . be indefinitely suspended pending outcome of a trial or investigation. Employees who are found guilty shall not be compensated for the suspension and may be dismissed. If they are not found guilty or if no judicial action is taken, they may be restored to their position and granted full pay and service credit for the period of their suspension, if circumstances justify such restoration.

Rocek argues that since the extension occurred after he entered the pretrial diversion program, the extension violated his due process rights because no trial or investigation was pending. He contends that the "investigation" referred to in rule 13.14.5 is a legal investigation. The Department of Public Institutions argues that the pending agency investigation authorizes the continuance of the suspension. We need not decide whether the word "investigation" in the rule refers to the legal investigation or the agency investigation, since, under either view, the record shows that both the legal and agency investigations had not ended.

We note that although the first notice indicated a suspension of 10 workdays, the rule authorizes suspensions for an indefinite amount of time. The record shows both that the agency was conducting an investigation during the second 10

days of the suspension and that Rocek's relief from prosecution on his disturbing the peace arrest was contingent upon his abiding by the terms set out in the pretrial diversion program agreement for 6 full months; hence, the legal trial or legal investigation did not reach its "outcome" before the extension just because Rocek entered the pretrial diversion program. The program had to run its course before he could be considered free from legal prosecution for his actions in the past and lay the matter to rest. Under either interpretation, the extension of the suspension is authorized by rule 13.14.5, and Rocek's contentions of impropriety in this regard are unfounded.

Rocek's second assignment of error asserts that his supervisor, Dr. Bohn, was the investigator, chief witness, and final decision maker with respect to his termination and that because of the three-way role she played, he was denied due process of law. In his brief, Rocek states, "[D]ue process requires a fair, honest, and objective hearing which cannot be achieved if the person making the decision . . . is also the chief witness and the person instigating the investigation." Brief for Appellant at 19. He cites an unpublished federal district court opinion, which found that where review is limited to the record provided by the agency head who acted in this three-way capacity, there is no guarantee of the agency record's integrity. *Lembrich v. Dunning*, No. CV83-L-210 (D. Neb. Apr. 15, 1983). The record has no such limitation here.

First, it is clear Dr. Bohn investigated Rocek on her own volition and decided he should be terminated. She then went to Superintendent Klaus Hartmann of the Lincoln Regional Center and presented him with her findings and conclusions. He was not personally involved in the investigation, and reviewed and approved the decision to terminate Rocek. This same procedure was found to afford an employee due process in *Buhrmann v. Sellentin*, 218 Neb. 288, 352 N.W.2d 907 (1984), absent a showing that the person reviewing the investigation was incapable of making an objective judgment. There is no such showing here.

Second, the review of the termination is not limited to a review of the record compiled by Dr. Bohn. Rocek did receive a "fair, honest, and objective hearing" before the State Personnel

Board, where evidence was adduced by many witnesses, and his termination was reviewed and upheld by decision makers independent of Dr. Bohn. Rocek does not challenge the integrity of the record of the State Personnel Board. We find Rocek was not denied his right to review by an impartial decision maker and that he received due process in this respect.

Rocek next contests the admission into evidence of the police report concerning his arrest. At the personnel board hearing Rocek's attorney objected to the admission of an exhibit on the grounds of relevancy and the "best evidence" rule. In his brief before this court he asserts that the exhibit was erroneously admitted because the report was never used to refresh the officer's memory, was overly prejudicial, and was irrelevant. Because it was necessary to prove Rocek was under criminal investigation to justify his suspension, the report is clearly relevant. Neb. Rev. Stat. § 27-103 (Reissue 1985) states that error cannot be predicated upon a ruling admitting evidence unless a substantial right of a party is affected and a timely objection or motion to strike stating the specific ground for the objection is made. The ruling admitting the police report meets neither of the criteria necessary to find it erroneous.

Rocek cannot assert a different ground for his objection on appeal than was offered in the lower tribunal. Since he failed to specify the grounds now asserted, except for relevancy, in a timely manner before the personnel board, he is barred from asserting them on appeal. *Langenheim v. City of Seward*, 200 Neb. 740, 265 N.W.2d 446 (1978). Rocek fails to demonstrate how the admission of the police report substantially affects his rights. The officer who filled out the report testified at length about the incident described in the report. The report is repetitive and cumulative; Rocek suffered no prejudice from its admission into evidence. See *State v. Tweedy*, 224 Neb. 715, 400 N.W.2d 865 (1987).

Rocek's fourth assignment of error alleges that the personnel board considered facts not in evidence in contravention of Neb. Rev. Stat. § 84-914(3) (Reissue 1981), which requires that factual information considered in the determination of a case must be offered into evidence. What appears to offend Rocek is the similarity in the language of the conclusions of the

personnel board and the conclusions of the hearing officer appointed to resolve the grievance Rocek filed. The hearing officer's recommendations were contained in the transcript of documents properly before the State Personnel Board, but not offered into evidence.

Assuming for the sake of argument that language used by the State Personnel Board in its written conclusions was influenced by the language used by the hearing officer, the recommendations of the hearing officer do not constitute evidence. The findings of fact made by the State Personnel Board are supported by the evidence before it. The language pointed to by Rocek does not indicate that the State Personnel Board failed to make an independent determination based on the evidence actually offered; only that, at best, it may have borrowed appropriate language from the hearing officer's recommendations in the transcript once it made its own determination of the case. This assignment of error is meritless.

In his fifth assignment of error, Rocek claims he was denied his right to cross-examine witnesses who testified against him. At the hearing before the State Personnel Board, Dr. Bohn stated that she consulted with several of her coworkers and fellow professionals, Dr. Anderson, Dr. Zeisset, Wilma Wenninger, Dr. Leggiadro, and Dr. Woytassek, before deciding to limit Rocek's contact with patients. She did not repeat any of their statements or mention what their advice was, only that she had consulted with them. These peers did not testify at the State Personnel Board hearing.

Rocek claims he had no opportunity to rebut whatever statements these people may have made and that, as a result, he was denied his fundamental right to cross-examine persons testifying against him. This argument is wholly frivolous. The people mentioned in Rocek's brief never testified and therefore could not be cross-examined.

## FACTUAL ISSUES

In Rocek's final assignment of error he attacks the sufficiency of the evidence used to support the State Personnel Board's decision to uphold the termination. We review the findings of the State Personnel Board de novo on the record in accord with Neb. Rev. Stat. § 84-918 (Reissue 1981), and

*Haeffner v. State*, 220 Neb. 560, 371 N.W.2d 658 (1985), and find that the personnel board's decision is correct.

The notification Rocek received informing him of his termination listed as reasons for the action that his arrest at the park "has an adverse impact on your ability to fulfill your job responsibilities in accordance with Lincoln Regional Center's goals and objectives for the effective patient care of the mentally ill and brings discredit upon the State." Nebraska Personnel System rule 13.12 lists reasons for imposing disciplinary actions such as dismissal, and includes rule 13.12.3, "Inefficiency, incompetence, or negligence in the performance of duties," and rule 13.12.14, "Other acts, based on competent evidence, which bring discredit upon the state," which correspond with the reasons given in the notification of termination.

Rocek argues that there is no evidence of diminished abilities or of complaints, or that patients or the public was aware of his acts, since the newspaper articles discussing his charges did not mention he was a State employee. These contentions are the basis of his claim that the decision is not supported by the evidence.

At the personnel board hearing both Drs. Bohn and Hartmann testified that Rocek was no longer competent to perform his required duties because he would require supervision that they were unable to provide and that as a result of the incident his credibility with the patients was seriously impaired. They also testified that allowing someone arrested for sexual misbehavior to counsel patients would discredit the program. The contention that Rocek required supervision is supported by the evidence and justified the termination. We need not reach the other ground for termination.

Rocek's position required him to be involved in all the center's security unit's programs. Approximately one-third of the patients were sex offenders who had a problem with, and were in programs to learn to develop, responsible sexual behavior. Both Drs. Bohn and Hartmann were of the opinion that a person with Rocek's history of sexual misconduct would have to have his contact with patients closely monitored and that he should not be alone with patients. It is uncontroverted

that they were unable to provide such supervision.

The testimony of Officer Sims provides a basis in evidence for concluding that Rocek engaged in irresponsible and inappropriate sexual behavior. The conclusion of both Drs. Hartmann and Bohn that such misbehavior demonstrates that Rocek should not work with patients without constant supervision is not arbitrary; it is a rational response justified and supported by substantial evidence. We find de novo on the record that the evidence demonstrates that Rocek has a serious lack of judgment and responsibility, as proven by his inappropriate sexual behavior in a public park; that his actions showed a need for monitoring when dealing with patients; and that the center could not provide such supervision. As a consequence, Rocek could no longer function in the independent manner that the job required. The evidence therefore supported termination under rule 13.12.3.

AFFIRMED.