NICHOLS MEDIA CONSULTANTS, INC., APPELLEE, V. KEN
MOREHEAD INVESTMENT COMPANY, INC., APPELLANT.

491 N.W.2d 368

Filed July 7, 1992. No. A-90-561.

J Russell Derr and Sherry L. Hubert, of Erickson &
Sederstrom, P.C., for appellant.

Gale Fisher and John R. Hughes, of Fisher & Hughes, for
appellee.

SIEVERS, Chief Judge, and HANNON and WRIGHT, Judges.

SIEVERS, Chief Judge.

This is an action for breach of an oral contract. The
defendant, Ken Morehead Investment Company, Inc.
(Morehead Investment), appeals the decision of the district
court for Douglas County, Nebraska. The district court, sitting
without a jury, found in favor of the plaintiff, Nichols Media
Consultants, Inc. (Nichols Media), and awarded damages in
the amount of $11,800. We affirm the judgment of the district
court.

A suit brought to recover damages for breach of contract is a law action. *Buckingham v. Wray*, 219 Neb. 807, 366 N.W.2d 753 (1985). In reviewing a judgment awarded in a bench trial, an appellate court does not reweigh evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *City of La Vista v. Andersen*, 240 Neb. 3, 480 N.W.2d 185 (1992).

In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless they are clearly wrong. *Id.* In a bench trial of a law action, the court, as the trier of fact, is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Kumar v. Douglas County*, 234 Neb. 511, 452 N.W.2d 21 (1990). We review the essential facts taking the view most favorable to Nichols Media, as we are required to do.

Morehead Investment is a corporation with its principal place of business in Lincoln, Nebraska. In 1984, Morehead Investment was the majority shareholder of Ken Morehead Dodge, Inc. (Ken Morehead Dodge), in Omaha, Nebraska; Ken Morehead Leasing & Rental, Inc., in Lincoln, Nebraska; Ken Morehead Chevrolet, Inc., in Beatrice, Nebraska; and KEM Motors, Inc., doing business as Gladstone Dodge (Gladstone), in Kansas City, Missouri. Each of the automobile dealerships had a separate manager, and the managers all met periodically with Ken Morehead to discuss various business matters.

Nichols Media is a corporation doing business in Sioux Falls, South Dakota. Nichols Media is in the business of providing advertising services to automobile dealers. In 1984, Mike Nichols, owner of Nichols Media, contacted Ken Morehead for the purpose of soliciting advertising business for Nichols Media. Morehead told Nichols to contact Leon Larson, the manager of Ken Morehead Dodge in Omaha.

In early 1985, Larson called Nichols and asked him to come to Omaha and talk with Larson about a direct-mail program, which Nichols did. Nichols sent samples of mailers that had been used in other towns, and he explained the direct-mail program to Larson. Larson testified that he would have

checked with Morehead before agreeing with Nichols on a contract, and Morehead testified that Larson "report[ed] to me."

The evidence shows that the promotions were operated in the following manner: Nichols Media obtained a mailing list of prospective customers in the dealership vicinity who earned $20,000 or more. Nichols Media then printed brochures, checks, and envelopes for mailing. The potential customer received a brochure and a check in the mail. The brochure stated that the customer would get a free electronic touch-tone telephone or a color television simply for participating in an "evaluation program." To be eligible to receive a telephone or television, the customer had to take a test ride and evaluate a vehicle. Then, the customer had to fill out a questionnaire form, which was kept by the dealership.

The initial agreement was that Nichols Media would print and mail 15,000 mailings at the same cost as 10,000 mailings. The number of mailings was later increased to 17,500 at no additional cost. Nichols Media paid for the mailing list of prospective customers earning $20,000 or more and for the printing and mailing of 17,500 mailers for Ken Morehead Dodge and 17,500 mailers for Gladstone. Nichols Media bought 750 telephones and 1 color television set for each of the dealerships and had the items delivered. Nichols testified that in performing the contract, he made no distinction between Ken Morehead Dodge and Gladstone and that he treated the project as one promotional mailer.

The campaigns were not as successful as anticipated by the parties, and neither dealership made payments, when due, to Nichols Media. Additionally, Ken Morehead Dodge and Gladstone each returned approximately 400 of the promotional giveaway telephones to Nichols Media.

In letters dated August 27 and November 11, 1985, Nichols informed both Ken Morehead Dodge and Gladstone that he was reducing the price of the marketing campaigns provided to the two dealerships to $5,900 per dealership, which reflected the return of a portion of the promotional giveaway telephones. Ken Morehead Dodge and Gladstone still refused to pay for the campaigns provided by Nichols Media. On December 13, 1988,

Nichols Media filed suit against Morehead Investment, alleging breach of an oral agreement between Nichols Media and Morehead Investment in connection with the direct-mail advertising campaigns provided to Ken Morehead Dodge and Gladstone. Morehead Investment denied responsibility for payment in its answer, which was a general denial.

During the trial, Nichols Media offered exhibit 27 as an admission against interest for the purpose of proving that Morehead Investment, as opposed to Ken Morehead Dodge and Gladstone, had entered into an oral agreement with Nichols Media for the promotional campaigns. Morehead Investment objected to the admission of this exhibit on the grounds of authentication, hearsay, and relevancy. Exhibit 27 consisted of a copy of a petition signed by attorney Thom Cope, on behalf of Morehead Investment, and filed in the district court for Lancaster County. The petition contained an allegation by Morehead Investment that an oral agreement to provide the above-described marketing campaigns at the Ken Morehead Dodge and Gladstone dealerships was made between Morehead Investment and Nichols Media. The petition alleged that Nichols Media had used substandard marketing techniques and that, as a result, the campaigns had failed and caused Morehead Investment monetary damages. The allegation of a contract between Nichols Media and Morehead Investment in this petition (exhibit 27) is the very thing which Morehead Investment denied in the instant case. The court granted Nichols Media leave to obtain a certified copy of what had previously been marked as exhibit 27, and over Morehead Investment's renewal of previous objections, the court admitted the certified copy (exhibit 31) as a judicial admission against Morehead Investment.

The district court for Douglas County, sitting without a jury, found generally for Nichols Media and against Morehead Investment in the amount of $11,800. The court refused to award prejudgment interest to Nichols Media because the amount in controversy was genuinely disputed and not liquidated. The court also ordered that Morehead Investment pay the taxable costs.

Morehead Investment assigns the following four errors: (1)

that the district court erred in admitting into evidence exhibit 31 as a judicial admission; (2) that the district court erred in admitting into evidence exhibit 31 as an admission against interest, where Nichols Media failed to lay an appropriate foundation for admission of the exhibit; (3) that the district court erred in finding that Morehead Investment was a proper party to this action; and (4) that the district court erred in granting judgment for Nichols Media in this action because Nichols Media failed to meet its burden of proof in an action for breach of contract.

Morehead Investment maintains that the district court erred in admitting exhibit 31 as a judicial admission. The term "judicial admission" refers to a formal act done in the course of judicial proceedings which is a substitute for evidence, thereby waiving and dispensing with production of evidence by conceding for the purposes of litigation that the subject of the admission is true. *Johns v. Carr*, 167 Neb. 545, 93 N.W.2d 831 (1958).

Formal acts that may operate as judicial admissions include statements made in pleadings. *Id.* In Nebraska, the rule of evidence is that matters contained in pleadings are judicial admissions insofar as the adversary is concerned. *Cook v. Beermann*, 202 Neb. 447, 276 N.W.2d 84 (1979). Matters contained in pleadings in other cases are simple admissions. *Id.; Sears v. Mid-City Motors, Inc.*, 178 Neb. 175, 132 N.W.2d 361 (1965), *aff'd on reh'g* 179 Neb. 100, 136 N.W.2d 428; *Zimmerman v. Lindblad*, 154 Neb. 453, 48 N.W.2d 415 (1951).

The difference between judicial admissions and simple admissions was explained in *Kipf v. Bitner*, 150 Neb. 155, 33 N.W.2d 518 (1948). The court, in that case, stated:

"The law of Evidence has suffered, in its most vital parts, from an ailment almost incurable, - that of confusion of nomenclature. The term 'admissions' exhibits this misfortune in one of its notable aspects. There are two principles, not at all connected, which for a century or more have had to be discussed by the aid of a single and common term. One * * * authorizes the receipt of any statement made by an opponent, as evidence in

contradiction and impeachment of his present claim. (The form of which, if admissible, is immaterial. It may be oral or written or it may be a sworn statement, as for example a deposition. . . .) Such statements * * * should better * * * be designated Quasi-Admissions.

"The true Admission, in the fullest sense of the term, is another thing, and involves a totally distinct principle. It concerns a method of escaping from the necessity of offering any evidence at all. The former (quasi admissions) is an item in the mass of evidence; the latter (judicial admissions) is a waiver relieving the opposing party from the need of any evidence."

(Citation omitted.) (Emphasis omitted.) *Id*. at 164-65, 33 N.W.2d at 523-24, quoting 4 John H. Wigmore, Evidence in Trials at Common Law § 1058 (James H. Chadbourn rev. 1972).

The court, in the present case, admitted exhibit 31 as a judicial admission; however, it does not appear that exhibit 31 qualifies as a judicial admission because the pleading was from a different case. If it were a pleading from the case being tried, it would be considered a judicial admission. Therefore, the inquiry is whether exhibit 31 was, nonetheless, properly admitted as a simple admission.

Morehead Investment maintains that exhibit 31 was also not admissible as an admission against interest because Nichols Media failed to lay appropriate foundation for the exhibit's admission. The general rule in Nebraska with regard to admissions in pleadings is stated in *Johnson v. Riecken*, 185 Neb. 78, 84-85, 173 N.W.2d 511, 515-16 (1970): "As a general rule, pleadings containing an admission are admissible against the pleader in another action on behalf of a stranger to the former action. See, Zimmerman v. Lindblad, 154 Neb. 453, 48 N.W.2d 415; Annotation, 63 A. L. R. 2d 417."

In *Zimmerman*, the court stated, "These exhibits were admissible under the rule that pleadings may be received in evidence in suits other than those in which they were filed as admissions or declarations against interest." *Id*. at 457, 48 N.W.2d at 418.

Admissions are words and conduct of a party opponent

offered as evidence against him. An admission against interest is admissible when it contravenes a position taken upon trial by the party making the admission. *Anson v. Fletcher*, 192 Neb. 317, 220 N.W.2d 371 (1974). The applicable rule is that extrajudicial statements of fact made by a party relating to matters material to the issues in a controversy are available to the adverse party in a trial thereof as admissions against interest or for impeachment. Such statements are, however, not conclusive but may be explained, rebutted, or contradicted, and thereafter are to be given such weight as the trier of the facts deems them entitled. *Ferlise v. Raznick*, 202 Neb. 745, 277 N.W.2d 94 (1979); *Dorn v. Sturges*, 157 Neb. 491, 59 N.W.2d 751 (1953). The admissions by a party to an action upon a material matter are admissible against him as original evidence. *Silvey & Co., Inc. v. Engel*, 204 Neb. 633, 284 N.W.2d 560 (1979). The petition before us as exhibit 31 is clearly an admission against interest, since it directly contravenes Morehead Investment's denial in this case that there was a contract between these litigants.

Morehead Investment asserts that there was insufficient foundation for the introduction of exhibit 31 into evidence; however, there was no foundational objection at trial. Morehead Investment's counsel did object to the introduction of exhibit 27 (later admitted as exhibit 31) on the grounds of authentication, hearsay, and relevancy, and therefore, we limit our discussion to the grounds which have been properly preserved for appellate review. See *Rocek v. Department of Public Institutions*, 225 Neb. 247, 404 N.W.2d 414 (1987).

Documentary evidence is not admissible unless it is authenticated. Neb. Rev. Stat. § 27-901 (Reissue 1989). Morehead Investment concedes that Nichols Media accomplished the necessary authentication of the petition signed by Thom Cope by introducing a certified copy of exhibit 27 (exhibit 31).

Morehead Investment maintains that exhibit 31 was inadmissible due to the fact that Nichols Media failed to establish that the exhibit fell within one of the exceptions to the hearsay rule or that the exhibit was nonhearsay by definition.

Neb. Rev. Stat. § 27-801(4)(b) (Reissue 1989) provides in

relevant part that a statement is not hearsay if

> [t]he statement is offered against a party and is (i) his own statement, in either his individual or a representative capacity . . . (iii) a statement by a person authorized by him to make a statement concerning the subject, or (iv) a statement by his agent or servant within the scope of his agency or employment.

It is clear that the statements in exhibit 31 were being offered against Morehead Investment.

Since exhibit 31 was offered against Morehead Investment, the next inquiry is whether the statement made in exhibit 31 was made by Morehead Investment's agent, within the scope of his agency or employment. The petition (exhibit 31) was signed by attorney Thom Cope. At trial, Nichols Media asked Morehead if he had ever hired Cope to represent Morehead Investment "in some litigation." Morehead responded, "That's correct." Nichols Media also asked Morehead if he had ever seen the petition (exhibit 31) before. Morehead responded, "I couldn't swear, like I say, that I have, but I'm certain that I did, but I don't see a date on it, but you're recalling on my memory from quite some time ago."

The general rule for an attorney acting on behalf of a client is stated in 7A C.J.S. *Attorney & Client* § 171 (1980):

> There is a well recognized presumption in favor of an attorney's authority, as an officer of the court, to act for any client whom he professes to represent unless there has been fraud or imposition, or unless the party has objected to the use of his name. Thus, there is a presumption that an attorney who appears for a party in an action or litigation has authority to do so unless the contrary is shown, and that an attorney who brings an action has authority to do so unless the contrary is shown.

This general rule is also followed in Nebraska. In *Lennon v. Kearney*, 132 Neb. 180, 183, 271 N.W. 351, 353 (1937), the Supreme Court held:

> "Where an attorney appears in a cause, the presumption is that he has authority and that presumption continues until the want of such authority is established by proof." *Vorce v. Page*, 28 Neb. 294, 44 N.W. 452. And, the

burden of proof of such want of authority is upon the party asserting the same. *Connell v. Galligher*, 36 Neb. 749, 55 N.W. 229.

See, also, *Jordan v. Evans*, 99 Neb. 666, 157 N.W. 620 (1916).

No one testified on behalf of Morehead Investment that Cope lacked authority to sue Nichols Media in the district court for Lancaster County and to allege in that suit that there was a contract between Morehead Investment and Nichols Media which involved the promotional campaigns at the two dealerships. Thus, the *Lennon* presumption is intact, and the petition (exhibit 31), if relevant, was properly admitted in evidence as an exception to the hearsay rule under § 27-801(4)(b)(iii), as the admissions made therein are presumed to have been made by Morehead Investment's attorney Cope, with authority to do so. See, also, *Sears v. Mid-City Motors, Inc.*, 179 Neb. 100, 136 N.W.2d 428 (1965). The presumption was never rebutted.

Morehead Investment contends that exhibit 31 was not relevant. To be admissible, evidence must be relevant to the proceedings, that is, it must make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Neb. Rev. Stat. § 27-401 (Reissue 1989). The fact in dispute in this case is whether or not there was an agreement between Morehead Investment and Nichols Media. In exhibit 31, Morehead Investment alleged that it did enter into an agreement with Nichols Media, and furthermore, Morehead Investment advanced a claim for damages against Nichols Media for improper performance of the marketing campaigns which are at the heart of the instant case. To characterize the relevancy argument as without merit is an understatement.

The fact that the trial court admitted exhibit 31 as a judicial admission instead of as an evidentiary admission is not fatal to the trial court's decision. In Nebraska, when the record indicates that the decision of the trial court is correct, although for reasons different from those relied upon below, an appellate court will affirm the trial court's decision. *Wymore v. Wymore*, 239 Neb. 940, 479 N.W.2d 778 (1992).

The present case is similar to the one presented in *Knoell*

*Constr. Co., Inc. v. Hanson*, 209 Neb. 461, 308 N.W.2d 356 (1981). In that case, the court held:

> Defendants contend that the testimony at the prior trial did not constitute a judicial admission but was, at most, only an evidentiary admission. Whether the defendants' testimony constituted a judicial or an evidentiary admission, the result here is unaffected. The trial court accepted the defendants' testimony at the prior trial as an admission. Whether evidence contradicting such admissions was admitted or excluded on remand, the admissions remained, and the trial court made its factual determinations based on conflicting testimony.
>
> On an appeal from a judgment in equity when credible evidence on material questions of fact is in conflict, the Supreme Court will consider the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other.

*Id.* at 464, 308 N.W.2d at 358.

The result in the present case is not affected by whether exhibit 31 was admitted as a judicial admission or as a simple evidentiary admission. In addition to the petition, there was other evidence tending to establish that these litigants had a contract for a promotional program. Thus, although the trial court called it a judicial admission, exhibit 31 was not treated as such in the sense that no other evidence on the existence of the contract was adduced or received. Instead, exhibit 31 was treated as part of the evidence proving a contract, rather than as evidence that dispensed with the need for further evidence to prove a contract.

In the final two assignments of error, Morehead Investment states that the district court erred in finding that Morehead Investment was a proper party to this action and in finding that Nichols Media had met its burden of proof for breach of contract.

In order to recover on an action for breach of contract, the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with the conditions precedent which activate the defendant's duty. *Department of Banking, Receiver v. Wilken*, 217 Neb. 796, 352 N.W.2d 145 (1984). As

stated above, our review of this bench trial is limited. We accord the trial court's finding of fact the same status as a jury verdict and affirm unless the finding is clearly wrong, and we view the evidence in the light most favorable to the successful party. See *City of LaVista v. Andersen*, 240 Neb. 3, 480 N.W.2d 185 (1992). We find that there was ample evidence for the trier of fact to conclude that there was a contract for promotional campaigns, that Nichols Media performed, and that Morehead Investment (who raised no affirmative defenses) did not pay as agreed. The verdict is not clearly wrong.

Finally, Morehead Investment claims error in the finding that it was a proper party to this action. Since we have found that exhibit 31 was properly received in evidence, it naturally follows that Morehead Investment was a proper party, even if we look at nothing more than the admission against interest made in that exhibit. The appeal is without merit, and the judgment of the trial court is affirmed in all respects.

AFFIRMED.